### ROBERT W. TRAIP *vs.* JAMES B. N. GOULD *& al.*

This Court has equity jurisdiction, where the bill charges a fraudulent conveyance of land, made to defeat and delay creditors.

In bills in equity, seeking relief, if any part of the relief sought be of an equitable nature, the Court will retain the bill for complete relief.

THIS was a bill in equity against *Gould, George C. Angier* and *Albert Dole.   Gould* was defaulted, and *Angier* and *Dole* demurred to the bill.   The allegations in the bill will be found in the opinion of the Court.

*Bennett* argued in support of the demurrer.   The points made in support of the demurrer are found in the opinion.   The following cases were cited.   1 *Fonb. Eq.* 66, *note R ;* 1 *Burrow.* 396 ; 10 *Johns. R.* 457 ; 3 *Black. Com.* 431 ; *Mitford's Eq.* 87, *note ; ib.* 245, *note* 3 ; 1 *Johns. Ch. R.* 543 ; 1 *Vernon,* 399 ; 4 *Johns. Ch. R.* 671, 684, 691 ; 5 *Johns. Ch. R.* 280 ; 20 *Johns. R.* 554.

*T. P. Chandler,* for the plaintiff, contended, in a written argument, that the following propositions were well grounded in law.

1. Chancery has power to assist an execution creditor to reach property of his debtor in whosesoever hands it has been placed,

Traip v. Gould.

out of the reach of an execution at law. 20 *Johns. R.* 554 ; 4 *Johns. Ch. R.* 687 ; *Gardiner Bank* v. *Wheaton*, 8 *Greenl.* 373 ; 2 *Johns. Ch. R.* 283 ; 2 *Mason*, 271 ; 1 *Paige*, 168 ; *ib.* 637.

2. A conveyance made to defeat creditors is void. *Stat.* 13 *Eliz. c.* 5.

3. A purchaser from a fraudulent grantee, without consideration and with notice, is in the same situation as his grantor. 4 *Randolph*, 282.

4. A purchaser of trust property, with notice of the trust and its violation, is himself a trustee. 1 *Brockenburgh's Va. Cas.* 339.

After a continuance for advisement, the opinion of the Court was drawn up by

EMERY J. — The bill alleges that the plaintiff on the application of *Gould* to purchase a stock of cloths and other articles of merchandize suitable for carrying on a merchant tailor's establishment in *Bangor*, on the 26th of *October*, 1835, sold him goods to the value of $1234,77 on a credit of six months ; that *Gould* opened such an establishment there immediately after, and continued in business till *June* 4, 1836. That on the 19th of *February*, 1836, *Gould* purchased of *John C. Burbank*, a house lot on the *Kenduskeag* river in *Bangor*, on which was a house frame partly boarded. That in three days after *Gould* purchased and took his deed of the lot, he conveyed it to *George C. Angier*, an Attorney at Law, without consideration, and at the same time *Angier* executed a deed of it to *Gould's* wife, and delivered it to him, and it was then agreed, that the deed to *Angier* should be recorded, but that the deed to *Gould's* wife should not be put on record, but should be kept secret, that it might appear to *Gould's* creditors, that he had no interest in the land. That *Gould* afterwards expended the proceeds of his business in finishing the house on the lot and other improvements, and when tenantable he moved into the house, and lived there till he broke up business in *Bangor* in *June*, 1836. That the lot and buildings are worth $1500. That though the plaintiff's debt was payable *April* 26, 1836, nothing was paid up to *June* 4, 1836. That *Gould* was frequently writing that he would be able in a short time to pay him. That calling on him on *June* 4, 1836, the plaintiff was surprised to find *Gould* had no vis-

ible property but a sick horse, which had been sent out of the county, and the remnant of goods bought of the plaintiff, which remnant *Angier* claimed by a bill of sale from *Gould.* That they were attached by plaintiff, and *Angier* gave up his claim on plaintiff's assuming a small liability, which *Angier* said he was under for *Gould,* and plaintiff also attached *Gould's* interest in the house lot, not knowing of the deed from *Angier* to *Gould's* wife. That *Angier* would give no information on which plaintiff could rely. That in *June,* 1836, notice was given to *Angier* not to convey. That the plaintiff would file a bill in equity, and *Angier* said the Court had no jurisdiction, and he afterwards, on *June* 30, 1836, conveyed the land by quitclaim deed to *Albert Dole,* without consideration, *Dole* having notice of plaintiff's claim. That at *Oct.* term, 1836, plaintiff recovered judgment against *Gould,* for $1266, 43, damage, and $10,82, cost, and that the execution was on *Oct.* 31, 1836, committed to a sheriff, who returned the proceeds of the goods attached $159,02, and could find no property of *Gould's* to satisfy the balance or any part of it. That the plaintiff did not know of the existence of the deed to *Gould's* wife till *November* 9, 1836, when *Gould,* having repented of his sins, delivered said deed to plaintiff and executed a deed to the plaintiff, which is recorded. That *Gould* is insolvent, and that the deeds to *Angier* and *Dole* are a fraud on the plaintiff. That he has applied to them to release their interest, and they refuse. The plaintiff prays they may answer and be compelled to convey to him, or that *Angier* may be compelled to pay the value of the land in money, and for further relief.

*Gould* is defaulted.

To this bill there is a demurrer on the part of *Angier* and *Dole.*

These two defendants contend, that the plaintiff has mistaken his remedy, and that this Court has not jurisdiction of the case; that if this was a case proper for chancery the Court would not interfere, because the plaintiff might have extended his execution, and if he could have proved the transaction fraudulent, on bringing his action he would have recovered; that the plaintiff has not alleged, that he cannot prove it, or that it is exclusively in the knowledge of the defendants; that the plaintiff does not show any specific lien on this property; and that the bill is very defectively

drawn. It is true, that the bill is not incumbered with all the verbiage which is too frequently introduced into bills. And we have abundant cause to regret the redundancy of unimportant repetition, to which we are often treated. Is not the plaintiff's case stated explicitly? Are any circumstances, material to be stated, omitted? Is not sufficient before us to give the Court such complete possession of the merits of the case, as would enable the Court to do effectual justice to the parties? It does not use the phraseology of combination, nor of pretences, though it speaks of contriving and confederating. But this is merely discretionary. Would those allegations, without other sufficient equitable matter alleged, give this Court jurisdiction? What is within the plaintiff's knowledge is stated distinctly and positively. The discovery to be made by the defendants is sought in calling them to answer to those allegations.

But we think, that we can discern in the bill a particular respect to the third and fourth rules of this Court, as to practice in chancery cases. All that is necessary, is for the plaintiff to make out such a case, by his bill, as will authorize the Court to take cognizance of his suit.

The case of *Jackson* v. *Burgott*, 10 *Johns. R.* 457, is cited for the purpose of shewing, that Courts of Law have concurrent jurisdiction in all cases of fraud.

To maintain the jurisdiction for relief it is said to be necessary to allege in the bill, that the facts are material to the plaintiff's case and that the discovery of them by the defendants is indispensable as proof; and that the plaintiff is unable to prove such facts by other testimony.

But the case here stated, shews a trust or equity binding on the conscience of the defendants. And in bills of discovery seeking relief, if any part of the relief sought be of an equitable nature, the Court will retain the bill for complete relief. 1 *Story's Eq.* 90.

Here the demurrer admits the truth of the bill. The plaintiff shews, that he has procured a judgment ignorant of the deed to *Gould's* wife, and has now become interested in the very property by the deed which has since been made to him.

By this deed we suppose, in the present state of the case, that he has derived as much as he would from a levy, and the expense of it is avoided. It is alleged in the bill, that the plaintiff can

only have adequate relief in the premises in a Court of Equity, and asks for answers from the defendants to all and singular the matters aforesaid.

We have heretofore expressed our reluctance to give encouragement to demurrers, unless for very indisputable causes. This was fully communicated in the case *Reed* v. *Noble*, and others pending in the county of *Cumberland*, to which we refer.

*We overrule the demurrer.*