## THOMAS H. BUCKNER *v.* S. W. FERGUSON, Adm'r.

1. BILL OF DISCOVERY—AFFIDAVIT—PRACTICE.—A bill of discovery must be for matters which lie in the knowledge of the defendant only, and should call for something which it is not in the complainant's power to set out in his bill; and a bill of discovery merely, may be maintained without being sworn to.   Mitford's Eq. Pl., 55 ; Cooper's Eq. Pl., 61 ; Story's Eq. Pl., 282, § 288 ; Barbour's Ch. Pr., 106.

2. SAME—FOR WHAT PURPOSE IT WILL LIE—ALLEGATIONS.—The pendency of an action at law is not always necessary to the maintenance of a bill of discovery. The bill must state that the discovery is asked for the purpose of some suit brought, or intended to be brought; setting forth with reasonable certainty the nature of the suit, or the nature of the claim or right to support which the suit is intended to be brought, and particularly against whom.

Appeal from the chancery court of Washington county. TRIMBLE, J.

The facts are stated in the opinion of the court.

The appellant assigned as error:

That the court erred in overruling the demurrer filed by him in the court below.

*Nugent & Yerger*, for appellant.

1st. The complainant's affidavit to the bill was necessary, and particularly, as he charges Buckner with the unlawful seizure of Wilkin's papers at the time the latter died. Without an affidavit the bill is a mere fishing bill. Story's Eq. Pl., §§ 288, 313, 477.

2d. The bill shows no equity on its face. The note for seventeen thousand dollars, alleged to have been due Wilkins by Buckner, is stated to have been seized and taken by Buckner when Wilkins died, but there is no description of the note and no affidavit of its loss. The bill, however, alleges that Buckner is indebted to Wilkins in the sum of twenty-five thousand dollars, and shows no good reason why an action at law would not lie. Complainant in fact has a plain, adequate and complete remedy at law. His opportunities for discovery in such a proceeding are as potential as they could be in a court of equity by the express provisions of the Revised Code, and in fact more so. But the complainant has never instituted an action at law, which in this case was necessary, nor does he state that a discovery is asked for same suit brought, or intended to be brought, and that without a discovery he has not sufficient evidence to maintain a suit. 2 Story's Eq. Jur., 1483; Story's Eq. Pl., §§ 313, 320, 321.

The other objections to the bill are submitted on the face of the papers.

*Johnston & Johnston,* for appellee.

The first cause assigned in the demurrer, is that the bill is not sworn to. We submit in this case, no affidavit was necessary. Story's Eq. Pl., § 228. It is said that a bill for discovery merely, or which only prays the delivery of deeds or writings, or equitable relief grounded upon them, does not require an affidavit. Story's Eq. Pl., § 288; Daniel's Ch. Prac. and Pl., 504; Mitford's Ch. Pl., 54.

Sections 313 and 477, Story's Eq. Pl., cited by counsel for appellant have no application, because the rule as there stated is expressly applied to bills seeking relief on the facts discovered, which is not the case here. In this case a discovery is alone sought, as expressly stated in the bill, for the purpose of enabling the party to bring an action at law. 2 P. Will., 541; 2 Molloy, 436. On the second point presented by the demurrer, we content ourselves with stating that the points upon which discovery is prayed are not only suf-

ficiently stated in the general allegations, but are specifically enumerated in the conclusion of the bill. The very purpose of a bill of this nature, is to call for something which it is not in the complainant's power to set out in his bill.

The fourth cause of demurrer is, we contend, not well taken. A bill for discovery is maintainable to aid an action which the complainant had a right to bring, and which he intends to bring, although the action at law is not actually pending. 1 Maddock's Ch. Pl., 169; 2 Dick., 34, 652, S. C; 1 Bro. C. C., 468; 1 McCord Ch. Pl., 498.

In the mayor and citizens of London v. Levy, 8 Ves., 404, in which the demurrer to the bill for discovery to aid an action intended to be brought, was sustained, the court expressly holding that the demurrer was sustained on the ground that the bill failed to designate the persons against whom the action at law would lie.

For the exceptions to the general rule, that the bill should be in aid of a pending suit, see Story Eq. Jur., § 1483.

The allegations in this bill clearly bring it within the exception. The legal demand against appellant cannot be enforced in the action at law, without the discovery prayed in the bill.

The 2d and 5th causes of demurrer resolve themselves substantially into one proposition, viz.: that the bill does not present a case for relief in equity.

The whole theory of this branch of equity jurisdiction is to aid a party in maintaining an action at law. The bill proceeds upon this inquiry throughout.

The real point of inquiry is, whether the party has a legal demand, upon which, with the relief prayed, he could maintain an action at law. We think the bill is abundantly clear on this point.

In reply to the allusions made by opposing counsel, to the remedy in the circuit court under the provisions of the Revised Code of 1857, we submit that the proceedings for discovery therein provided is restricted to actions depending in the circuit court, and the proceeding being a statutory one, cannot be extended beyond its terms.

Peyton, C. J. :

S. W. Ferguson, as administrator of the estate of Ivy Wilkins, deceased, filed his bill of discovery in the chancery court of Washington county, against Thomas H. Buckner, in which he alleges that said Wilkins, for a period of about twenty-five years, next before his death, was in the service and employ of the defendant, Thomas H. Buckner, in the capacity of a hired overseer and manager of a large plantation belonging to said Buckner; that the contract between them for wages, and the amount due the deceased at the time of his death from the defendant, have not come to the knoweledge of the complainant, but rest alone in the knowledge of the defendant; that at the time of his death, the said Wilkins owned, and had in his possession a certain promissory note, made by the said defendant in favor of complainant's intestate for about seventeen thousand dollars, as he is informed and believes; which sum was due and owing by said Buckner to said Wilkins at the time of his death, and which said promissory note, the defendant then seized and took into his possession, together with all the papers, books, and accounts belonging to the decedent, showing an indebtedness of the defendant to him at time of his death, of about twenty-five thousand dollars, as the complainant is informed and believes.

That complainant is unable to state an account, showing the precise amount and nature of said indebtedness, because of the defendant's possession of said note, books and accounts, and which he refuses to exhibit to the complainant. In consequence of which, he is not in possession of such facts as will enable him, without discovery from the defendant, to coerce at law a payment of said indebtedness; that the complainant is about to commence an action at law against the said defendant for the recovery of the above stated debt, but there is no other evidence of said defendant's indebtedness to his intestate, known to complainant than the said promissory note, books, and accounts, which

are in the exclusive possession of the defendant, and that he knows of no other person than the defendant, by whom he can establish the fact of said indebtedness, and the precise nature and amount thereof; that complainant is advised and believes that he cannot proceed rightly in the action at law, about to be commenced by him against the defendant, without a discovery from him of the contents of said promissory note, and the amount and nature of his aforesaid indebtedness, and therefore prays for a full discovery thereof by the said defendant.

To this bill of complaint, the defendant demurred, and the demurrer was overruled by the court. From this action of the court below, the defendant appeals to this court, and assigns for error the overruling of the demurrer in the court below.

This record presents but two questions for our decision : 1st. Does a bill for discovery merely require to be sworn to? 2d. Is it necessary in order to maintain a bill of discovery that it should contain an allegation that there is a suit at law pending?

A bill of discovery must be for matters which lie only in the knowledge of the defendant, and must call for something which it is not in the complainant's power to set out in his bill. But a bill asking a discovery because the grounds of the suit at law are unknown, is a mere fishing bill, and cannot be maintained.

With respect to the first of the above questions presented for our solution, it seems to be well settled that a bill of discovery merely may be maintained without being sworn to. Mitford's Eq. Pl., 55; Cooper's Eq. Pl., 61; Story's Eq. Pl., 282, § 288, and Barbour's Ch. Pr., 106.

And with regard to the remaining question, it may be affirmed that the finding of a suit at law is not always necessary to the maintenance of a bill of discovery. For it is believed to be well settled by the authorities that the bill must state that the discovery is asked for the purpose of some suit brought, or intended to be brought; for otherwise it will not

be maintained, as courts of equity do not grant a discovery to gratify mere curiosity, but to aid some legal proceeding. It must also set forth with reasonable certainty the nature of the suit which is brought, or, if none is brought, the nature of the claim or right to support which the suit is intended to be brought, and against whom, in particular, it is intended to be brought. For a complainant, as a general rule, can have no right to a discovery except against the person against whom he avers that he means to bring the suit. Story's Eq. Pl., 308, §§ 326, 327; Barbour's Ch. Pr., 105. And where the bill is brought before any action is commenced, it is usual to aver in the bill that the discovery of the facts is necessary to enable the party to commence his suit right. 2 Barbour's Ch. Pr., 105. These allegations are substantially made in the bill in this case, and entitle the complainant to the discovery sought.

The decree must be affirmed, and the cause remanded, with leave granted to the appellant to answer the appellee's bill within sixty days from this date.