ARTHUR E. DONEGAN, *Appellant,* v. BAKER & HOLMES COMPANY, *Appellee.*

## Opinion Filed February 2, 1917.

1. A corporation being heavily indebted, and whose debts exceeded its available assets, after consultation with some of its creditors, executed a deed to D., conveying certain real property for a stated consideration, and took from D., the creditors consenting, a paper writing in which D. agreed to hold the amount agreed upon as the purchase price for the real estate, for the following purposes: "First, deduct the recorded mortgage indebtedness against the property and pay the same; second, take the remaining moneys and disburse to the best advantage for the creditors as shown by the list below, it being understood that this list shows the names and amounts due all the creditors to whom the Ludlam and MacDonough Company (the corporation) are indebted." *Held*: That the fund in the hands of "D." constituted a trust fund for the benefit of certain creditors to be disbursed by "D." according to his directions "to the best advantage of the creditors."

2. The transaction recited in the above headnote was not a novation because the debts of the corporation were not extinguished by it, nor were the claims of the named creditors cancelled by the trustee's obligation.

3. In a suit by a *cestui que trust* for a distribution of a trust fund the trustor or person creating the trust is not a necessary party.

4. Where a Court of Chancery assumes jurisdiction of a cause for one purpose, which is the principal object of the suit, it will proceed to the settlement of the entire case.

Appeal from Circuit Court for Osceola County; Jas. W. Perkins, Judge.

Decree affirmed.

*Johnson & Garrett,* for Appellant;

*Stockton & Osborne,* for Appellee.

ELLIS. J.—This appeal was taken from an interlocutory decree overruling a demurrer to the bill of complaint.

The bill seeks to subject a fund in the hands of appellant to the payment of complainant's claim which, according to the bill, was one of the objects for which the fund was created. Ludlam and MacDonough Company, a Florida Corporation, was heavily indebted to many creditors, such indebtedness exceeding its available assets. The involved corporation owned certain lands which the corporation after consulting with complainant and other creditors, agreed to convey to the defendant for the sum of seven thousand dollars, which was to constitute a fund in the hands of defendant to be used, first, to pay off two mortgages amounting to $4,099.83, afterwards other indebtedness of Ludlam and MacDonough Company aggregating $6,394.16. The terms under which the defendant held the money as shown by the instrument containing the agreement, and attached to the bill as a part of it, are as follows:

"First, deduct the recorded mortgage indebtedness against the property and pay same.

"Second, take the remaining moneys and disburse to the best advantage for the creditors, as shown by the list below, it being understood that this list shows the names and amounts due all the creditors to whom the Ludlam & MacDonough Company are indebted."

The bill alleges that the land was conveyed to the defendant pursuant to the agreement; that the two mortgages were paid off and cancelled and that the sum of

$2,900.17 still remained in the defendant's hands to be applied according to the agreement to the claims of the remaining creditors consisting of "Bills Payable," "Accounts," purchase price of a Dredge, and Wages and Salaries; that the complainant was one of the creditors of Ludlam and MacDonough Company; that the debt of the latter company to complainant amounted to $955.02, and was included in the list aggregating the above sum of $6,394.16; that one thousand dollars of the above total indebtedness was due for a dredge purchased from Fairbanks, Morse & Company, who had reserved title and taken the dredge into their posession, thereby extinguishing its claim; that complainant had placed its claim in judgment several months after the defendant became the purchaser of said property under the agreement with Ludlam and MacDonough Company and its creditors, which judgment complainant offers to cancel upon the receipt by it of the sum due under the terms of the trust.    The bill alleges that the complainant has never received any part of the trust fund; that the defendant refused to render an accounting of the money to be paid out under the aforesaid agreement, and prays that the defendant be declared a Trustee for complainant and others similarly situated; that a Master be appointed to state an account of the amount remaining unpaid on account of the trust, and of the proportionate part due to the complainant; that a reasonable sum be allowed for the services of the solicitors for complainant to be paid from the fund; that the defendant be ordered to pay to complainant and others similarly situated the sums found to be due, and for general relief.    The bill was filed by Baker and Holmes Company in its own behalf, and on behalf of "others similarly situated who may intervene and contribute to the expenses of the proceedings."

A demurrer was interposed to the bill by the defendant, which among other questions, raises the four following ones which are discussed by appellant: First, Ludlam and MacDonough Company is not joined as a defendant; second, there is an adequate legal remedy for the complainant; third, no grounds exist for an accounting, and, fourth, the transaction amounts to a novation and the remedy against the defendant is at law. The demurrer was overruled, and the defendant appealed.

In the first place we think that the fund in the hands of the defendant was a trust fund for the benefit of certain creditors to be disbursed by the defendant according to his discretion, "to the best advantage for the creditors." While the amount which was originally placed in his hands was definitely ascertained and a certain part of it set apart for the payment of two obligations of superior dignity, which left a certain sum remaining, that sum was to be apportioned between certain other creditors to their best advantage. Involved in the distribution of this sum was the question of whether the claim of Fairbanks, Morse and Company for one thousand dollars had been extinguished, and whether any part of the trust fund was expended for that purpose.

The suit is nothing more than one for the distribution of a trust fund in which the complainant has an equitable interest. If that is true, the question whether an accounting may be had does not arise, because it would be decreed as incident to the equitable relief. See 6 Pom. Eq. Juris., §927; 1 R. C. L. p. 370; Wiggins & Johnson v. Williams, 36 Fla. 637, 18 South. Rep. 859; Farrell v. Forest Investment Co., decided at the present term. There are few limitations or restrictions on the kind or nature of property which may be the subject of a trust, the rule being that a trust may exist in any property,

real or personal, legal or equitable, which is in existence and which in the eye of a court of equity is of value. See 39 Cyc. 36; 1 Perry on Trusts (6th ed.) §§67-68; Underhill's Law of Trusts and Trustees, p. 54. This includes choses in action. 1 Perry on Trusts, *supra*. According to the allegations of the bill the transaction between Ludlam & MacDonough Company, its creditors, and the defendant constituted the creation of a trust in the proceeds of the sale of the property for the payment of certain creditors of Ludlam and MacDonough Company according to the schedule contained in the letter of defendant to that company. See 2 Perry on Trusts (6th ed.) §585; Gravlee v. Lamkin, 120 Ala. 210, 24 South. Rep. 756. The suit for the distribution of the trust fund may be brought by the trustee or the parties claiming to be *cestuis que trust* and others claiming to be the *cestuis que trust*. 2 Perry on Trusts (6th ed.) §928; 39 Cyc. 510; Clark v. Brown, (Tex. Civ. App. 1908) 108 S. W. Rep. 421; Wyble v. McPheters, 52 Ind. 393. The transaction was not a novation because the debts of the Ludlam and MacDonough Company were not extinguished by it, nor were the claims of the named creditors cancelled by the trustee's obligation, which is an essential requisite of a novation, and not a result. The Ludlam & MacDonough Company was not a necessary party, having parted with its interest in the property which appears to have been the case from the second paragraph of the bill. See Carter v. Uhlein, (N. J.) 36 Atl. Rep. 956.

There was no error in overruling the demurrer, and the interlocutory decree is affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD and WHITFIELD, JJ., concur.