THE COMMERCIAL BANK OF OCALA, *Appellant,* v. FIRST NATIONAL BANK OF GAINESVILLE, *Appellee.*

Opinion filed May 6, 1918.

Petition for rehearing denied July 26, 1918.

Where a court of equity takes jurisdiction of a cause for one purpose, it will proceed with the determination of all the matters properly presented.

Appeal from Circuit Court for Marion County, W. S. Bullock, Judge.

Order affirmed.

*H. M. Hampton* and *T. S. Trantham,* for Appellant;

*Hampton & Hampton,* for Appellee.

WEST, J.—The Carson Naval Stores Company, a corporation filed its bill in chancery in the Circuit Court of Marion County to foreclose a mortgage made to it upon certain land located in said county and upon certain other property therein described. The defendants in the suit were Stuckey & Tiller Company, a corporation, the maker of the mortgage; The Commercial Bank of Ocala, a corporation, to which bank a mortgage upon a portion of the same land, antedating the mortgage sought to be foreclosed had been given; The First National Bank of Gainesville, a corporation, to which bank the latter mortgage, together with the note evidencing the indebtedness which it had been given to secure, had prior to the institution of the suit been duly

VOL. 75, JANUARY TERM, 1918.                635

The Com. Bank of Ocala v. 1st. Nat. Bank Gainesville—Opinion of Court.

assigned and transferred; M. G. Davis and T. S. Matthews, individually and as a copartnership under the firm name of Davis & Matthews, who were the successors of The Southern Pine Lumber Company, a corporation, bankrupt, to a contract between it and Stuckey & Tiller Company, under which certain timber was to be cut and removed from the land covered by both mortgages and the proceeds thereof, at a stated price, applied to the indebtedness due upon the mortgage made to the Ocala Bank.

The bill contained allegations showing that there was uncertainty about the amount due upon the senior mortgage, expressed a desire to redeem said mortgage and offered to pay to the holder and owner thereof such amount as the court should find upon accounting to be due thereon, and contains also a prayer that "the defendants, Stuckey and Tiller Company, The Commercial Bank of Ocala, and The First National Bank of Gainesville and Davis and Mathews be required to account to your orator for the sums paid on the mortgage indebtedness of Stuckey and Tiller Company to the said The Commercial Bank of Ocala, afterwards assigned to The First National Bank of Gainesville, Florida, and that an account be taken under the direction of this court of the amount due on said mortgage indebtedness to the said The Commercial Bank of Ocala, or The First National Bank of Gainesville, Florida; that in the event it be found that no sum is due on said mortgage that the defendant, The First National Bank of Gainesville, Florida, or any person claiming by, through or under it be required to cancel said mortgage of record, and in case of their failure so to do that the decree of this court stand as cancellation and satisfaction thereof; that in the event any sum be found to be due by the

Stuckey and Tiller Company on said mortgage indebtedness so given to The Commercial Bank of Ocala, that your orator be permitted to pay such sums of money into the Court, or the lawful owner of such mortgage indebtedness, and that the property described in your orator's mortgage be sold free of any lien thereon, by reason of the existence of such mortgage as made by The Commercial Bank of Ocala and assigned to The First National Bank of Gainesville, Florida."

The defendant The First National Bank of Gainesville answered averring, among other things, that it was the owner of the note and mortgage originally made by Stuckey & Tiller Company to the Commercial Bank of Ocala, that it purchased this note and mortgage paying therefor the sum of six thousand, eight hundred and eighty-eight and 37-100 dollars ($6,888.37) as shown upon the face of the assignment of the mortgage, and by a statement furnished by the Ocala Bank to this defendant. It denied that said indebtedness had been paid off, and averred that the amount of the balance due thereon is five thousand eight hundred eighty-six and 76-100 dollars ($5,886.76).

The Commercial Bank of Ocala answered averring among other things, that at the time of the assignment and transfer by it to the Gainesville Bank of the said note and mortgage that there was due thereon the sum of three thousand nine hundred thirty-nine and 03-100 dollars ($3939.03), and that this sum is the amount paid to it by the Gainesville Bank for this note and mortgage. It denied that said indebtedness had been paid off at the time of said transfer, and averred that there was not at that time due thereon exceeding the amount received therefor.

At the time of filing its answer the Gainesville Bank

VOL. 75, JANUARY TERM, 1918.    637

The Com. Bank of Ocala v. 1st. Nat. Bank Gainesville—Opinion of Court.

also filed its cross-bill to foreclose its mortgage making the complainant in the original suit and all the defendants therein, defendants in the cross-bill.

In this cross-bill the various allegations of the original bill were set out and the purchase, assignment to it and ownership by it of the note and mortgage made to the Ocala Bank is alleged.

It is further alleged as follows:

"That at the time and date of the purchase of said indebtedness and of the said mortgage securing the same by your orator, the defendant The Commercial Bank of Ocala by its proper officers represented to this complainant that there was then due and owing by the defendant, Stuckey & Tiller Company on the said note and mortgage then held by The Commercial Bank of Ocala, as aforesaid, the sum of $6,888.37; and the consideration named in the assignment of the mortgage was and is the true consideration paid by this complainant in cross-bill to the said The Commercial Bank of Ocala for the said note and mortgage. That this complainant having paid this amount of money in good faith to The Commercial Bank of Ocala for the said note and mortgage, it is entitled to collect the full amount thereof with interest thereon, in the enforcement of the said note and mortgage against the said Stuckey & Tiller Company and the other defendants in this suit whose interests are affected thereby. That if any other payments were made on the said note by the said Stuckey & Tiller Company, or by any one for the Stuckey & Tiller Company, so that the note would be reduced below the amount paid by this complainant to The Commercial Bank of Ocala for the said note and mortgage, such payments were made without the knowledge of this complainant; and the said The Commercial Bank of

638 SUPREME COURT OF FLORIDA.

The Com. Bank of Ocala v. 1st. Nat. Bank Gainesville—Opinion of Court.

Ocala, if it is shown that there were any payments made and not credited thereon, would be liable to this complainant for such amount or amounts as may be shown to have been paid and not properly credited thereon. That this complainant examined the note and the mortgage and made careful inquiry, and was assured by the officials of The Commercial Bank of Ocala that no payments had been made, and that there was then due and owing by the Stuckey & Tiller Company to the said The Commercial Bank of Ocala on the said note and mortgage the full sum of $6,888.37.

## IV.

"Your orator further showeth unto your Honor, that to further secure your Orator in the payment of the said note and mortgage which were given by Stuckey & Tiller Company to The Commercial Bank of Ocala, and endorsed and assigned to your Orator, there was a further assignment or agreement entered into by which your Orator was to collect all moneys due, or to become due, upon said contract between Stuckey & Tiller Company and the said D. W. Tompkins, as Trustee, which is recited in the original bill of Carson Naval Stores Company; and thereafter this complainant did receive a small amount of payments on the said contract for timber cut by Rentz and by Tompkins, as shown by the statement attached hereto, made a part of this cross-bill, marked 'Exhibit No. 2,' which is prayed to be referred to as may be necessary or desired. That in accordance with the said statement there was due and owing to your orator on the 14th day of January, 1916, the sum of $5,886.76 on the note and mortgage given by Stuckey & Tiller Company to The Commercial Bank of Ocala and endorsed by The Commercial Bank of Ocala

VOL. 75, JANUARY TERM, 1918. 639

The Com. Bank of Ocala v. 1st. Nat. Bank Gainesville—Opinion of Court.

to your orator,—this being the true amount now due, together with interest thereon since the 14th day of January, 1916. That your orator has not received any amounts upon the said note, or that should be credited upon the said note, except as shown by this statement appended as 'Exhibit No. 2.'"

The cross-bill contains the following prayer: "That in the event it should be found that the defendant, The Commercial Bank of Ocala, has collected any sum or sums of money from the Stuckey & Tiller Company, or from Davis & Mathews, or from any other person or persons, that should be applied upon the note sued upon herein, and if the court should decree that the same should be credited upon the note sued upon herein, then and in that case that your Orator may have a deficiency decree for such amount or amounts against the defendant, The Commercial Bank of Ocala."

It is conceded that the Ocala Bank in transferring the note and mortgage sold and assigned to the Gainesville Bank endorsed the note without recourse and that the transfer occurred after the maturity of the note.

The cross-bill was demurred to on various grounds. Upon a hearing on this demurrer before the Chancellor it was overruled, an appeal was taken to this court and the case is here for a review of this interlocutory order.

The question submitted and argued is whether or not this record presents such a situation as to give to a court of equity jurisdiction to hear and determine, in this suit, the right of the cross-complainant to have its claim against the Ocala Bank, which is a defendant in both the original bill and the cross-bill, adjudicated and in the event the Chancellor should find in its favor thereon a decree in its favor against the Ocala Bank in accordance with its prayer as herein above recited.

The theory of the appellee, the cross complainant below is, that although the note which is the basis of its claim was indorsed and transferred to it by the appellant without recourse that still the appellant thereby warranted (1) that the note was genuine and in all respects what it purported to be, (2) that it had good title to the note and (3) that it had no knowledge of any fact which would impair the validity of the note or render it of no value (General Statutes of Florida, Secs. 2972 and 2998) and that therefore since it now appears from the allegations of the cross-bill and the admissions of the demurrer thereto that the appellant had, prior to the transfer of the note collected moneys in part payment thereof, but had not credited all such payments on the note and in thereafter transferring it to the appellee collected more than was due thereon, that in this litigation, which had for one of its objects the payment and redemption of this note and mortgage now owned by the appellee it should, in accordance with the prayer of its cross-bill, be given a decree against the appellant for the amount of the payments made to the appellant which should have been, but in fact were not, credited on such indebtedness prior to the date of the transfer of the note and mortgage.

The reply of the appellant is that appellee's claim against it is not germane to the matters set up in the original bill and that therefore such claim can not be heard and determined in this suit.

This view we think is untenable. By the original suit it is proposed to redeem and pay to the complainant in the cross-bill the amount due upon the note and mortgage owned by it which is a superior lien to the mortgage being foreclosed, such amount to be ascertained upon

an accounting by the maker of such note and mortgage, the mortgagee who is the appellant herein and the present owner of the note and mortgage the appellee, all of whom are made defendants in such suit. The legal effect of appellee's contention is to say that if the note and mortgage which it owns is to be redeemed and can celled that it (the appellee) should be protected by the decree of the court, and that if it should be found upon the accounting prayed for in both the original bill and the cross-bill that the appellant herein who is a defendant in the original suit and against whom an accounting is prayed has received moneys which were intended as payments upon such indebtedness, and should have been credited thereon but were not so credited the appellee should have a decree against him for the amount so received.

The rule applicable and controlling in such cases is expressed in 10 R. C. L. 370, as follows: "For the purpose of avoiding more than one suit and in order that a full, complete, effectual, and final decree adjusting the rights and equities of all parties in interest may be entered and enforced, a court of equity once having assumed jurisdiction of a cause on any equitable ground will reach out and draw into its consideration and determination the entire subject-matter, bringing before it all the parties interested therein, and will retain such jurisdiction until all matters involved in the litigation between the parties or growing out of and connected with the subject-matter of the suit are finally disposed of, even though it is thereby required to pass on strictly legal questions—questions which otherwise would be triable in a court of law— or to grant legal remedies." See also 1 Pomeroy's Equity Jurisprudence (3rd ed.) Sec. 181; Wiggins v. Williams, 36 Fla. 637, 18 South.

41—Vol. 75

Rep. 859; Taylor v. Florida East Coast R. Co., 54 Fla. 635, 45 South. Rep. 574.

This case is well within this rule. The cross-bill demurred to was for the foreclosure of the mortgage of appellee and, in addition to the prayer for relief herein above set out, contains a prayer for an accounting, for a sale of the property described in the mortgage upon a default in the payment of the amount of the final decree rendered in said suit and for general relief. The bill undoubtedly stated a cause of action cognizable in a court of equity and there was therefore no error in overruling the demurrer thereto.

The order appealed from is affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.

## ON REHEARING.

WEST, J.—Upon an application for a rehearing we are asked to decide the question of whether the appellee may successfully maintain this suit if it should appear that the transaction set out is a proper basis for an action at law for deceit against appellant.

The difficulty with this request is that we are limited in a consideration of the case to the questions presented by the record, and the cross-bill demurred to does not seem to have been drawn on that theory. It is true that it alleges that the appellant represented to the appellee that there was due a certain stated sum, less than the original amount, upon the note sued on at the time of its purchase by appellee, but it is also alleged as quoted in the opinion " that if any other payments were made on

the said note by the said Stuckey & Tiller Company, or by any one for the Stuckey & Tiller Company, so that the note would be reduced below the amount paid by this complainant to The Commercial Bank of Ocala for the said note and mortgage, such payments were made without the knowledge of this complainant; and the said The Commercial Bank of Ocala, if it is shown that there was any payments made and not credited thereon, would be liable to this complainant for such amount or amounts as may be shown to have been paid and not properly credited thereon."

There is a prayer that in event it should be found that appellant has collected moneys which should be applied on the note and which the court holds should be credited thereon that appellee should have a deficiency decree against appellant therefor.

The opinion holds that "the legal effect of appellee's contention is to say that if the note and mortgage which it owns is to be redeemed and cancelled that it (the appellee) should be protected by the decree of the court, and that if it should be found upon the accounting prayed for in both the original bill and the cross-bill that the appellant herein who is a defendant in the original suit and against whom an accounting is prayed has received moneys which were intended as payments upon such indebtedness, and should have been credited there but were not so credited the appellee should have a decree against it for the amount so received."

The question presented is whether or not the cross-bill is good as against the demurrer. The Circuit Judge overruled the demurrer reciting in his order that appellant should have "an opportunity to defend itself against the allegation that it committed a fraud in representing that a certain sum was the true amount

due on the note when a less sum was actually due and that it had not credited the full amounts paid on the timber contract on the note at the time it negotiated it to the complainant in the cross-bill," but we do not understand this to mean that he intended to hold that on this branch of the case the bill contained allegations essential to the statement of an action of deceit and that the suit could be maintained against appellant on that theory.

The question which the court is asked by the petition for rehearing to consider is not presented by the record.

Rehearing denied.