AMANDA E. CAMPBELL AND BENJAMIN C. CAMPBELL, AS EXECUTORS AND TRUSTEES OF THE LAST WILL OF LUCIUS J. CAMPBELL, DECEASED, *Appellants*, v. WILLIAM A. KNIGHT, AS ADMINISTRATOR WITH THE WILL ANNEXED OF WHEELER STEVENS, DECEASED, *Appellee*.

## Division B.

## Opinion Filed July 13, 1926.

## Petition for Rehearing Denied August 10, 1926.

1. The question of non joinder of parties defendant must be seasonably and regularly made to be available on behalf of defendants.

2. A bill for discovery merely does not have to be sworn to.

3. If the bill is for relief as well as discovery, the rule prevails in some jurisdictions that it must be sworn to. This rule, however, seems to go to general relief only. The bill may pray for equitable relief consequent upon the prayer for discovery without violating the rule as to general relief.

4. All bills in equity, in a sense, bills for discovery, but a pure bill of discovery is usually brought to obtain the disclosure of facts within the defendant's knowledge, or of deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court.

5. Courts of equity which have once obtained jurisdiction for purposes of discovery will dispose of a cause finally, if proper for the consideration of equity, though the remedy at law is fully adequate.

6. Courts of equity take cognizance of cases in which contract demands between litigants involve extensive, mutual or complicated accounts when it is not clear from the facts alleged

in the particular case that the remedy at law is as full, adequate, and expeditious as it is in equity.

An Appeal from the Circuit Court for St. Johns County; George Couper Gibbs, Judge.

Affirmed.

*George M. Powell,* Attorney for Appellants.

*W. W. Dewhurst* and *Alex St. Clair Abrams,* Attorneys for Appellee.

PER CURIAM.—Wheeler Stevens on April 27th, 1900, leased to Freeman S. and Henry A. Hodges certain lands in St. Johns County, Florida, aggregating thirteen thousand acres. This lease was amended February 20th, 1902, so as to extend the date of its expiration to April 28th, 1918. By the terms of the lease Freeman S. and Henry A. Hodges were restricted in their use of the lands described therein to saw mill and turpentine privileges and were required to pay all taxes levied and assessed against said lands after the year 1900 to the date of its expiration.

On May 22nd, 1902, Freeman S. and Henry A. Hodges assigned to Wilson Cypress Company all their right and interest in and to the cypress timber growing on the lands described in said lease together with their interest in the lands on which said cypress timber was growing. Wilson Cypress Company is not made a party to this suit. November 19th, 1903, Freeman S. and Henry A. Hodges assigned to Lucius J. Campbell under the name of L. J. Campbell, all their right and interest in and to the pine timber growing on the lands described in said lease together with their interest in the lands on which said pine timber was growing. By the provisions of this assignment Lucius J. Camp-

bell assumed payment of all taxes levied and assessed against the lands described therein for the remainder of the term of the lease.

On April 10th, 1907, Lucius J. Campbell assigned to Frank R. Clark and Erasmus H. Tomlinson, certain rights acquired by him under the lease from Freeman S. and Henry A. Hodges and the said Clark and Tomlinson on May 1st, 1907, assigned to J. W. Melton the right in said lease so acquired from Lucius J. Campbell. On the 14th day of August, 1908, J. W. Melton assigned to C. E. Melton and J. H. Allison, under the name of the Melton Lumber Company all the right acquired by him in said lease from Clark and Tomlinson and the said C. E. Melton and J. H. Allison on the 23rd day of February, 1909, assigned the interest in said lease so acquired to the First National Bank of Gainesville, Florida.

Lucius J. Campbell died intestate prior to or during the year 1912, and Amanda E. and Benjamin O. Campbell were appointed executors of his will. The assignments mentioned in the preceding paragraphs were several times modified, and subject to certain of said modifications on August 25th, 1911, the executors of the will of Lucius J. Campbell assigned to C. C. Bettes all the interest held by said executors as such to the lands described therein under the lease from Freeman S. and Henry A. Hodges to Lucius J. Campbell dated November 19, 1903. C. C. Bettes conveyed to John N. C. Stockton, under the name of Roy Naval Stores Company, an undivided one-half interest in the lease so acquired from the executors of the will of Lucius J. Campbell.

There were subsequent assignments and stipulations of the parties named herein as to their respective rights and interests in and to the lands embraced in the original Wheeler Stevens' lease. It is shown that the lessees Lucius

J. Campbell, his predecessors and executors claiming under
said lease paid all the taxes on the lands described therein
from date of execution up to and including the taxes for
the year 1915, payable in 1916; that the said lessees and
those claiming under them failed and neglected to pay the
said taxes for the years 1916 and 1917, as they were bound
by the terms of said lease to do and prevent a sale of said
lands for the nonpayment of the State and county taxes
for the said years; the complainants below were compelled
to pay them, the greater portion of which have not been
repaid.

On March 23, 1918, William A. Knight as administrator
with the will annexed of Wheeler Stevens filed his bill in
chancery against the principal and all sub-lessees, alleging
among other things that the terms of the several sub-
lessees were obscure and failed to define the interests of
the sub-lessees thereunder with sufficient definiteness to
enable him or his counsel to determine the legal obligations
of the respective holders thereunder with respect to the
covenant in the original lease from Wheeler Stevens to
Freeman S. and Henry A. Hodges, which required the
lessees to pay the amount of taxes levied and assessed
against the lands described therein, although they have
diligently sought to determine which of the said defend-
ant or defendants are bound for and are required to repay
complainant that part of the 1916 taxes and the 1917 taxes
on said lands which complainant was forced to pay in order
that said lands would not be sold to satisfy said taxes.

The bill of complaint prays for a full discovery of the
right and interest held by each of the sub-lessees in and
to the lands described in said bill and for the appointment
of a master to take testimony for the purpose of ascertain-
ing the specific sum or sums which each of said defendants
ought to repay complainant on account of the State and

county taxes levied on said lands for the years 1916 and 1917, which were paid by complainant, and that on final hearing, it be ordered and decreed that such defendant or defendants as may be legally bound do repay complainant the monies due him in payment of said taxes.

Demurrers to the bill as amended were overruled, pleas were denied, the bill was answered, testimony was taken and on final hearing, the chancellor found the equities to be with the complainant and decreed that Amanda E. and Benjamin O. Campbell, as executors of the will of Lucius J. Campbell, within fifteen days from the date of said decree, do pay to the complainant or his solicitor of record out of the estate of Lucius J. Campbell the sum of $481.10 with interest at the rate of eight per cent per annum from March 27, 1927, to date of such decree, and the sum of $1588.65 with interest thereon from May 20, 1918, to date of said decree, and that in default thereof, complainant should have execution against said defendants as executors for said sum. It was further decreed that the costs and expenses of the suit be taxed against Amanda E. and Benjamin O. Campbell, as executors of the will of Lucius J. Campbell. From this final decree Amanda E. and Benjamin O. Campbell, as executors of the will of Lucius J. Campbell, appealed.

The first question presented on the appeal is that of non-joinder of parties defendant, in that Wilson Cypress Company was not made a party defendant to this suit.

The record discloses a lease from Freeman S. and Henry A. Hodges to Wilson Cypress Company covering all their right and interest in and to the cypress timber growing on the lands described in said lease which was dated May 22nd, 1902. It is also shown that prior to the filing of the bill of complaint, complainant had an agreement with Wilson Cypress Company as to the amount of taxes it was

equitably and in duty bound to pay on the lands covered by its lease with Freeman S. and Henry A. Hodges, and that Wilson Cypress Company agreed to pay the amount of said taxes so agreed on.

It is further shown that complainant offered to credit on his claim against defendants the whole sum agreed to be paid by Wilson Cypress Company and made demand on defendants if they denied that Wilson Cypress Company had made full payment of its pro rata part of the taxes paid by complainant and were dissatisfied as to the equitable amount of such taxes as had been agreed that should be paid by Wilson Cypress Company; that they clearly set out without cost to complainant all the facts to establish that Wilson Cypress Company, under the terms of the assignment to it by Freeman S. and Henry A. Hodges, should pay a larger pro rata of said taxes paid by complainant and that complainant should look to Wilson Cypress Company for a larger portion of said taxes for the years 1916 and 1917.

In response to the demand so made on them by complainant, defendants tendered no resistance, showing or proof whatever that the amount of the taxes offered to be repaid by Wilson Cypress Company was not the full amount legally and equitably due as the taxes assessed and levied upon the lands on which stood cypress timber. In view of such showing, we think the defendants are too late in raising the question of nonjoinder of parties defendant.

The bill of complaint prays for discovery of the right and interest held by each of the sub-lessees in the lands described in the bill and for a statement of the specific amount of taxes each or either of the defendants should repay to the complainant, and that on final hearing it should be decreed that such defendants as may be legally bound, to repay complainant the moneys due him in pay-

ment of said taxes.  It is contended by appellants that the bill of complaint is fatally defective as a bill of discovery because it waived answer under oath.  This contention is not tenable because the bill being for an accounting and incidental discovery merely waived answer under oath to "the several *allegations* in this, your orator's amended bill;" and subsequent to this, as additional matter, certain interrogatories were propounded and the oath as to them was not waived and the answers of two of the main defendants to the allegations of the bill and to the interrogatories were in fact made under oath.  It is well settled that a bill for discovery merely does not have to be sworn to. Owsley v. Barbour, 4 Ind. 584; Laight v. Morgan, 1 Johns. Cas. (N. Y.) 429; LeRoy v. Servis, 1 Caines Cas. (N. Y.) 175; Buckner v. Ferguson, 44 Miss. 677; Parson v. Wilson, 2 Overt. (Tenn.) 260; 6 Ency. Pl. & Pr. 771.  If the bill is for relief as well as discovery, the rule prevails in some jurisdictions that it must be sworn to.  This rule, however, seems to go to general relief only.  The bill may pray for equitable relief consequent upon the prayer for discovery without violating the rule as to general relief.  6 Ency. Pl. & Pr. 770.  The bill here prays for an accounting and for other relief.

All bills in equity are, in a sense, bills for discovery, but a pure bill of discovery is usually brought to obtain the disclosure of facts within the defendant's knowledge, or of deeds or writings or other things in his custody, in aid of the prosecution or defense of an action pending or about to be commenced in some other court.  It is most commonly used in aid of a defense or prosecution of an action at law. 6 Ency. Pl. & Pr. 731.

Courts of equity which have once obtained jurisdiction for purposes of discovery will dispose of a cause finally, if proper for the consideration of equity, though the

remedy at law is fully adequate. 1 Story Eq. Jr. 64K; Chichester v. Vass, 1 Munf. (Va.) 98, 4 Am. Dec. 531; Traip v. Gould, 15 Me. 82; Wood v. Hudson, 96 Ala. 469, 11 South. Rep. 530.

The record discloses that by the assignment from Freeman S. and Henry A. Hodges to Lucius J. Campbell, dated November 19, 1903, the said Lucius J. Campbell became responsible for the taxes on the lands covered in the lease from the date of said assignment and that such was the construction placed on said assignment by Lucius J. Campbell as he and his executors paid said taxes up to and including the taxes for the year 1915. There is no showing whatever that any of the lands covered by the lease were ever turned back to the original lessor or his representatives as was provided in the lease.

Courts of equity take cognizance of cases in which contract demands between litigants involve extensive, mutual, or complicated accounts when it is not clear from the facts alleged in the particular case that the remedy at law is as full, adequate and expeditious as it is in equity. Escambia County v. Blount Const. Co., 66 Fla. 129, 62 South. Rep. 650. In the case at bar the issues were involved and it was not fully made to appear that the remedy at law was as full, adequate and expeditious as the remedy in equity. The record fully supports the finding of the chancellor and while the demand was purely of a legal character, it was connected with and proceeded directly from the relief granted by discovery and accounting which was the primary object of the suit. The decree is therefore affirmed. Traip v. Gould, supra; 1 Story Eq. Jur. 64k, supra. Donegan v. Baker & Holmes Co., 73 Fla. 241, 74 So. 202, Bank of Ocala vs. National Bank of Gainesville, 75 Fla. 634, 79 So. 446; Sommers v. Apalachicola Northern Ry. Co., 75 Fla. 159, 79 So. 446.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.

## ON RE-HEARING.

PER CURIAM.—The contention that the bill for discovery is fatally defective because it waived answer under oath, is not tenable, because the waiver related to the answer and not to the interrogatories seeking discovery propounded by the complainant. See Rule 58, New Federal Equity Rules; Luten v. Camp, 221 Fed. Rep. 424, text 428.

Rehearing denied.

All concur.