## ORA E. MORRISON v. RAYMOND LLOYD MORRISON

30 So. (2nd) 169

April 25, 1947

January Term, 1947

Division B

*Fred H. Mellor,* for appellant.

*Henderson, Franklin, Starnes & Holt,* and *Parker Holt,* for appellee.

BUFORD, J.:

The appeal brings for review decree of divorce and the action of the Chancellor in striking certain parts of the answer and counterclaim interposed by the defendant. We find no error in the decree insofar as it adjudicates the jurisdiction of the parties and the subject matter and decrees divorce but we hold that it was error to strike that part of the answer and counterclaim interposed by the defendant. The part of the answer and counterclaim stricken was as follows:

"Defendant further avers that on the 10th day of October, A. D. 1941, at Troy, New York, plaintiff entered into a written separation agreement with the defendant, and according to the terms thereof the plaintiff agreed to pay the defendant for all claims for her support and maintenance, the weekly sum of $15.00, beginning on the 13th day of October, A. D. 1941, and that under such agreement the plaintiff is in default in the amount of Fifteen Hundred Dollars ($1,500.00) which is long past due and owing from the plaintiff to the

defendant. Copy of said agreement is attached hereto and made a part of this counterclaim the same as if set forth in haec verba, and marked Exhibit 'A.' " And also

"That an accounting be had and the amount due defendant from the plaintiff under the separation agreement entered into between the parties be ascertained, and that a decree be entered requiring the payment of such sums to the defendant within a time to be fixed by the Court, and that the same be a lien upon any and all property of the Plaintiff."

The subject matter of this suit was marital relations between the parties and the rights of the respective parties growing out of that relation. The allegations of the answer and counterclaim show that the contract referred to was incident to and connected with that relation and that the defendant had certain rights flowing to her under that contract. So the answer and counterclaim tender an issue as to rights and obligations existing by reason of the contract between the parties growing out of the subject matter of the suit. The jurisdiction of the court had been invoked by the plaintiff and he had thereby submitted to the jurisdiction of that court for adjudication of all matters arising out of the subject matter of his suit and germane and necessary to the attainment of justice between the parties. Charter v. Bennett, 6 Fla. 214; Ritch v. Bellamy, 14 Fla. 537; Ferrell v. Forest Investment Co., 73 Fla. 191, 74 So. 216, 1 A.L.R. 25; Donegan v. Baker & Holmes Co., 73 Fla. 241, 74 So. 202; Szaba v. Speckman, 73 Fla. 374, 74 So. 411, L.R.A. 1917D 357; Somers v. Apalachicola Northern R. Co., 75 Fla. 159, 78 So. 25; Commercial Bank v. First National Bank, 75 Fla. 634, 79 So. 446.

It is, therefore, our conclusion that the motion to strike parts of the answer and counterclaim should have been denied and the plaintiff should have been required to plead as he might have been advised to the allegations thereof with the result that the final decree should reflect the adjudication of the court as to the issues thereby presented.

For the reasons stated, the decree is reversed and the cause is remanded for such further proceedings as may be necessary for the Chancellor to determine the rights of the

parties on the issues presented by the stricken part of the answer and the counterclaim and adjudicate the same in a final decree.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.