DICKINSON, PRESIDING JUSTICE,
DISSENTING:
¶ 14. Mississippi Rule of Civil Procedure 82(a) states “[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of Mississippi.”[2] The majority ignores this rule by holding that somehow the enactment of the Rules of Civil Procedure did in fact “limit the jurisdiction” of the chancery court. Our chancery courts’ equitable jurisdiction has included subject-matter jurisdiction over bills of discovery—even when the discovery related to a matter that ultimately would be litigated in circuit court—since before any justice in the majority was born.[3]
¶ 15. It is no answer to say that “the chancery court lacks jurisdiction over personal-injury actions.”[4] No one has attempted to file a personal-injury action in chancery court. The chancery court has always had jurisdiction over bills of discovery, regardless of where the discovery might suggest a suit is warranted.
¶ 16. To sum it up, the majority holds that because we adopted the Rules, the chancery courts now lack jurisdiction over bills of discovery. In other words, by claiming the Rules do exactly what Rule 82(a) says they do not do, this Court refuses to follow its own rules. This is the same Court that sanctions lawyers and judges for failing to follow the rules, so one wonders how today’s decision contributes to confidence in the judiciary.
¶ 17. Because I believe we should follow the rules we adopt—just as we expect everyone else to do—I dissent. Rule 82(a), if followed, ensures that the complaint of discovery remains a viable action in chan-eery court even when the discovery relates *288 to a matter which will be litigated in circuit court.
¶ 18. One thing more needs to be said. Complaints of discovery serve a valuable purpose. Given attorneys’ ethical and legal obligation to avoid frivolous filings,[5] prefil-ing discovery empowers attorneys to make more informed decisions as to whether meritorious claim exist and better equips attorneys to fulfill their ethical obligations. Moreover, any concern that this practice will be abused is mitigated by the chancellor’s discretion to deny unreasonable requests.
KITCHENS, KING AND COLEMAN, JJ., JOIN THIS OPINION.

. Miss. R. Civ. P. 82(a).

. See Buckner v. Ferguson, 44 Miss. 677, 681-82 (1870).

.Maj. Op. atfl4.

. See Miss. R. Civ. P. 11; Miss. Code Ann. § 11-55-5 (Rev. 2012).