THE COMMERCIAL BANK OF OCALA, A CORPORATION, *Appellant,* v. THE FIRST NATIONAL BANK OF GAINESVILLE, A CORPORATION, *Appellee.*

Opinion Filed November 22, 1920.

Petition for Rehearing Denied March 15, 1921.

1. All the points adjudicated by an appellate court upon an appeal become the law of the case and are no longer open for discussion or consideration.

2. Where there is competent testimony to support the finding of a chancellor the decree will not be reversed on the evidence where, though conflicting, it is sufficient to support such finding.

3. A deficiency decree in a mortgage foreclosure suit is a decree for the balance of the indebtedness after applying the proceeds of a sale of the mortgaged property to such indebtedness.

4. · Where, in a suit brought for the foreclosure of a mortgage, there is a cross-bill to foreclose a senior mortgage upon a portion of the same property which · cross-bill contains a prayer for a "deficiency" decree against a party defendant in said suit who is a former owner of such senior mortgage and the indebtedness secured thereby, for moneys received by such former owner in part payment of such indebtedness, but not applied thereon, which he has no right to retain, the word "deficiency" being inapt may be disregarded and a decree entered in accordance with such prayer.

An Appeal from the Circuit Court for Marion County; W. S. Bullock, Judge.

Affirmed.

*H. M. Hampton,* for Appellant;

*Hampton* & *Hampton* and *Hocker* & *Martin,* for Appellees.

WEST, J.—For a proper disposition of this appeal the issues presented are sufficiently stated in the opinion filed when the case was here on the former appeal (Commercial Bank of Ocala v. First National Bank of Gainesville, 75 Fla. 634, 79 South. Rep. 446). After that decision the case was remanded to the court below, where further proceedings were had. Testimony was taken and a final decree rendered, from which this appeal was taken. The law of the case was settled when the case was here before. Questions arising subsequently are largely of facts which are complicated, about which there is dispute, and upon which there is conflict in the evidence. There is evidence to suport the conclusions reached, and under the settled doctrine that a decree will not be reversed on the evidence when the testimony is

conflicting but sufficient to support the findings of the chancellor, these questions are not open for consideration here and a discussion of them would be of no benefit. Phinney v. Phinney, 77 Fla. 850, 82 South. Rep. 357; Millinor v. Thornhill, 63 Fla. 531, 58 South. Rep. 34; Sheppard v. Crowley, 61 Fla. 735, 55 South. Rep. 841.

In the final decree the court found in substance that the appellant, the Commercial Bank of Ocala, had received certain moneys as payments on the indebtedness represented by the note which was transferred by it to the First National Bank of Gainesville, the cross-complainant and one of the appellees here; that such payments were received prior to the transfer but did not appear as payments or credits upon the note as transferred and delivered to the Gainesville Bank; that the Gainesville Bank had no knowledge of such payments at the time of the receipt of the note but accepted and paid for it the amount for which it was originally given less certain credits appearing on the note, and judgment was awarded by the decree against the Ocala Bank in favor of the Gainesville Bank for the aggregate sum of the amounts so received by the Ocala Bank as payments on the note prior to its transfer.

The only question deemed necessary to be considered at this time is the contention that appellant was simply the endorser of the note sued on by the cross-complainant, the Gainesville Bank, and that under the law a deficiency decree against the endorser of the note cannot be taken. Snell et al v. Richardson, 67 Fla. 386, 65 South Rep. 592. This contention cannot be upheld. The fallacy in the argument is that it assumes a situation not presented by the record. In the former opinion we said: "By the original suit it is proposed to redeem and pay to the com-

plainant in the cross-bill the amount due upon the note and mortgage owned by it, which is a superior lien to the mortgage being foreclosed, such amount to be ascertained upon an accounting by the maker of such note and mortgage, the mortgagee, who is the appellant herein and the present owner of the note and mortgage, the appellee, all of whom are made defendants in such suit. The legal effect of appellee's contention is to say that if the note and mortgage which it owns is to be redeemed and cancelled, it (the appellee) should be protected by the decree of the court, and that if it should be found upon the accounting prayed for in both the original bill and the cross-bill that the appellant herein, who is a defendant in the original suit and against whom an accounting is prayed has received moneys which were intended as payments upon such indebtedness, and should have been credited thereon, but were not so credited, the appellee should have a decree against him for the amount so received."

The obligation of the appellant does not, strictly speaking, grow out of its endorsement of the note. It is true that the appellee Gainesville Bank acquired the note and the mortgage given to secure the payment of the indebtedness represented by it by a transfer from appellant. But when the appellee Gainesville Bank is required by a redemption of this note and mortgage at the suit of the holder of a junior mortgage to surrender them up for cancellation upon payment of less than appears due thereon and less than it in good faith paid therefor and it is shown that appellant had prior to the transfer reecived moneys as payments on the indebtedness, which moneys it has no legal right to retain and which other parties in interest who are parties to the suit have a right to require it to properly apply in payment of the

indebtedness, a judgment against it for the amount so received and retained is not, technically speaking, a deficiency decree.

A deficiency decree is one for the balance of the indebtedness after applying the proceeds of a sale of the mortgaged property to such indebtedness. 27 Cyc. 1746; Jones on Mortgages, 7 ed. §1709a; Bailey et al v. Block et al, 104 Tex. 101, 134 S. W. Rep. 323; Patrick et al v. National Bank of Commerce, 63 Neb. 200, 88 N. W. Rep. 183. Nothing of that kind is presented by this record.

The prayer in the cross-bill for a deficiency decree does not change the nature of the transaction, and the word "deficiency" as there employed being inapt, may be rejected as surplusage.

The obligation of appellant rests upon a duty to account for moneys had and received which in equity and good conscience belong to another and which it has no right to retain, and, as was held in the original opinion, a court of equity having taken jurisdiction of the cause and all the parties in interest being made parties thereto, it will proceed with a determination of all the matters properly presented.

The decree will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.