MACK ROTH, INC., *Appellant* v. H. MARSHALL GARDINER and Wife et al., *Appellees.*

Opinion filed December 5, 1928.

Petition for rehearing denied January 2, 1929.

*Sholtz, Green & West,* for Appellant;

*Sherman & Bainum,* for Appellee.

KOONCE, Circuit Judge:

The appellant filed its bill in the Circuit Court of Volusia County against the appellees and after several amendments thereto the bill as finally amended stated in detail the following facts. That the defendants H. Marshall Gardiner and his wife on March 24, 1925, by a certain written instrument gave one Wade H. Reed, Jr., the exclusive sales and lease rights to a certain therein described tract of land, for the period of six months. That for the purpose of expediting the transfer of the property if sold by the said Wade, a deed was executed and signed by Gardiner and wife but leaving the name of grantee therein blank, which deed was left with the American Bank and

Trust Company, at Daytona Beach, and which deed was dated May 16th, 1925. That during the time he was authorized to sell the said property, to-wit on or about June 1st, 1925, said Reed offered to sell to the complainant, and did sell to it at a price and within the terms of the agent's authority to sell, the said property; that the complainant paid to the said agent Reed the sum of Five Hundred Dollars cash at the time of the offer and acceptance thereof, and that on July 1st, 1925, the complainant paid to the said American Bank and Trust Company the sum of Four Thousand Five Hundred Dollars, as part payment on the purchase price. That on July 22nd, 1925, the complainant tendered to said bank the further sum of Thirty Thousand Dollars on the purchase price of said property, but that said bank refused to accept the same because of instructions received from the defendant Gardiner. That at the time of the tender of the Thirty Thousand Dollars and the refusal to accept the same, the property had greatly increased in value; that on July 29th, 1925, the complainant filed its bill for specific performance of the contract to sell, against the defendants Gardiners, in the circuit court of Volusia County, later amending such bill by making the said American Bank & Trust Company party defendant; by which bill it was sought to require the defendants Gardiners to convey the property to the complainant; that the defendants successfully resisted and delayed the said suit by demurrers and motions which were sustained by the court, until at last despairing of successfully continuing its suit for specific performance, the complainant, by leave of court dismissed its said suit on February 7th, 1927; that on February 10th, 1927 (only three days after dismissing suit), the said defendant Bank, "by reason of instructions received from H. Marshall Gardiner" offered and tendered to complainant the

deed which had remained in said bank, and in which at sone time unknown to complainant, the name of complainant had been inserted as grantee; that the property at the time of the tender of such deed had greatly depreciated in value and was worth less by many thousand dollars than when the complainant sought to purchase the same.

The present suit was commenced on February 16th, 1927, six days after the offer to deliver deed. This prayer of the bill is for a return to the complainant of the money advanced, $500.00 to the agent Reed and $4,500.00 left with the bank, and for $1,000.00 expended in solicitor's fees and expenses of examination of title, as well also as a further sum of $100,000.00 as damages for failure to deliver the property to the complainant when it was endeavoring to secure the same, and that a lien be declared upon the property for such sums.

To the bill as finally amended the defendants filed a general demurrer stating two grounds; that there was no equity in the bill and that the complainant had an adequate remedy at law. The demurrer was sustained and the complainant allowed to amend the bill. The amendment filed by the complainant was, in brief, an allegation of the "reasons" upon which the court had sustained demurrers and motions in the previous suit for specific performance, being in substance that the court had held that specific performance could not be decreed because of the "statute of frauds", the contract of sale not being in writing signed by the parties against whom performance was prayed. Upon motion of the defendants the amendment was stricken and the cause dismissed. Thereupon, appeal was taken to this court.

There were four assignments of error:

1. In sustaining the demurrer to complainant's amended bill.

2. Sustaining the motion to strike complainant's amendment to its amended bill made pursuant to the order of court allowing complainant to amend such bill.

3. The order dismissing the bill of complaint.

4. The order striking amendment to amended bill and dismissing the cause.

The appellant's counsel have filed a very able brief and cited authorities which the writer of this opinion has considered. The situation seems to be that the defendants were willing to sell their property at a certain price and authorized a sale by one Reed for a stated price, but that just about the time the agent found a purchaser willing to buy at their price and on their terms the high tide of values was reached and the owners desired to reap the benefit of the suddenly increased value, regardless of the sale made by their agent. In fairness to the defendants, however, it might be said that the record does disclose that they were willing and offered to pay the agent a good consideration for his services rendered. Refusing to make conveyance the Roth Co., Inc., filed suit against the defendants Gardiners for specific performance, but the defendants successfully resisted such suit until the complainant abandoned its suit. Almost immediately after suit was abandoned the defendants are found insisting on the complainant carrying out the terms of purchase according to the claims the complainant had made in its bill. It must be borne in mind, as a matter of general knowledge, that the high tide of values had receded at the time of the dismissal of the complainant's suit for specific performance, and the offer by the defendants to perform, and that the value of the property had very materially decreased and was exceedingly less. It only portrays human

nature, both complainant and defendants desired to ride upon the crest of the wave and neither of them wishing to be left "stranded." However, this may be this cause must be decided upon one proposition, and that is the question of "remedy." In its last analysis the complainant's bill seeks to recover a judgment for damages alleged to have been sustained by reason of the failure of the defendants to convey, and to make such judgment a specific lien upon the property involved.

(1) A bill of complaint which shows on its face that the complainant has an adequate remedy at law is not good against a demurrer. The distinguishing feature of the case of Musslewhite v. Oleson, 53 So. R. 944, 60 Fla., 342, cited by appellant, is that in that case the defendants were unable to convey title. There is no allegation in the bill in this case of inability on the part of the defendants to convey, or that they refused to convey, in fact, it is positively stated that they did offer to convey upon the terms upon which the complainant claims' to have purchased, even though it is true that such offer comes at a late date and after the complainant had "changed its mind" about purchasing, since the "boom" wave had receded a further distinction between the two cases is that in the cited case (Musslewhite v. Oleson), the bill alleged insolvency of the defendants, and the evidence proved the allegation, while in the instant case there is no mention of insolvency of the defendants.

The case of Vance v. Jacksonville Realty and Mortgage Company, 67 So. R. 636, 69 Fla., 33, is also cited as supporting the right to the equity proceeding. It should be borne in mind that the Vance case was one where a married woman had received a part payment on property and then refused to either convey or return the money received. The complainant in that case had no remedy at law, and the bill was brought to subject a married woman's sepa-

rate property to a lien, the only remedy the complainant had, specific performance not being available to the complainant because the contract of purchase had not been acknowledged in the manner required by law relating to married women. The case of Key v. Alexander, 108 So. R. 883, was an action at law, and the Court might here reassert the principles announced in that case and emphasize the words, still it would not change the situation, so far as this cause is concerned, since the one question involved is the nature of the remedy.

The second assignment of error deals with the order of the Court in striking the proposed amendment to the last amended bill.

(2) Where a demurrer to a bill has been sustained by the Court with leave to amend, an amendment filed in pursuance of such order which does not meet or cure the objections to the bill already sustained on demurrer, is properly stricken upon motion. The Court had already disposed of the cause on demurrer upon the ground that the complainant had an adequate remedy at law. The amendment filed was simply one stating the reasons why the Court in a former suit had sustained demurrers and motions against the bill. The amendment in no manner alleged any facts which changed the situation or conditions of the pending suit.

(3) Where a bill has been successfully demurred to on the ground that the complainant has an adequate remedy at law and the complainant is allowed time in which to file amendment to the bill, and then files an amendment which states no new matter to meet the objections already determined, but merely states the reasons why the Court had sustained certain motions and demurrers in a former suit, it is proper to strike such amendment on motion.

In support of the proposed amendment appellant again cites the case of Vance v. Jacksonville Realty and Mortgage

Company, *supra,* it is true that the bill in that case recited that there had been an unsuccessful attempt by the complainant to maintain a bill for specific performance against the defendant, and recited the reasons upon which the Court had dismissed the bill. Even if such allegations had been necessary in the case mentioned, it still does not make the quoted case anything like the one now under consideration. The gravamen of the Vance case was the repudation of an unenforceable contract by a married woman and the retention by her of the money received on such contract. No such conditions are stated in the bill in this case.

The case of Gollinick v. James, 115 So. R. 529, cited by appellant, was decided upon the authority of certain cases cited in the opinion, which list includes Musselwhite v. Oleson and Vance v. Jacksonville Realty and Mortgage Company above discussed. An examination of the other cases cited will show a marked distinction between them and the case now under consideration.

The determination of assignments one and two dispose of the other two assignments, no different propositions of law being presented by them.

The decree of the circuit court is affirmed.

PER CURIAM.—The record in this having been considered by this Court, and the foregoing opinion prepared under Chap. 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and decreed by the Court that the decree of the circuit court in this cause be, and the same is hereby, affirmed.

WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., not participating.