C. J. LEUSMAN, *Appellant,* v. W. C. KYLE, and his wife, LUCY R. KYLE, and EARL HENDRICKSON, and his wife, ALTA G. HENDRICKSON, and S. D. CLIFTON and his wife, LOUISE L. CLIFTON, *Appellees.*

Division B.

Opinion filed April 4, 1929.

*Farmer & Grantham* for Appellants;

*McCune, Casey, Hiaasen & Fleming* for Appellees.

BUFORD, J.—This is an appeal from an order sustaining a general demurrer to an amended bill of complaint which amended bill of complaint had also been amended.

The bill of complaint sought rescission of a contract for the purchase and sale of certain real estate and to require the refund of that part of the purchase price which had been paid to the vendors upon the ground that there were certain defects and encumbrances of title shown by the abstract submitted by the vendors to the vendees, which encumbrances and defects being pointed out to the vendors by the vendees were not cured within fifteen (15) days thereafter and that under the terms of the contract the

vendors were obligated under such state of facts to refund that part of the purchase price which had been paid. That part of the contract relating to the furnishing of an abstract is as follows:

"And the said vendors further agree that they will at their own expense within twenty days, from this date furnish vendee with a complete abstract of title to the aforesaid described lands for examination certified to a date later than the date of the acceptance hereof; and the vendee agrees that on or before the first day of February, 1926, to carry out and perform the agreement herein contained and to consummate the sale as herein agreed upon; provided he or his attorney approves of the said abstract of title, the expense of the said examination of the abstract to be borne by the vendee herein. If there shall be any objections to the title appearing from the abstract of title or otherwise (said objections must be of a material nature) then and in that event the vendors herein shall have fifteen days in which to perfect the same.

In the event that the abstract of title as furnished by the vendors to the vendee to the aforesaid described premises does not show a good and record title, then the vendors herein agree to refund to the vendee the amount paid as earnest money, to-wit: the sum of $3,708.90 after it be ascertained that the title cannot be perfected within the time hereinbefore agreed upon; and it is further agreed upon the part of the vendee that if he fails or refuses to carry out, perform and comply with his agreements herein contained, time being of the essence of the contract, then the said sum herein paid as earnest money, to-wit: $3,708.90, shall be retained by the vendors herein as settled, liquidated and agreed damages."

The bill of complaint did not allege that the vendees gave notice to the vendors that the encumberances and defects pointed out by the opinion of the attorneys for the vendees were considered and held to be material defects or incumbrances, nor that any demand was made that such defects, if they constituted material defects, be cured.

Aside from these infirmities of the Bill, it appears to us that the Chancellor in construing the contract and applying the law thereto was guided largely by the opinions in the cases of State ex rel Ellis v. Tampa Water Works Co., 56 Fla. 858, 47 So. R. 358, in which it is held that, "Provisions of law applicable to the subject matter of contracts are parts of the contracts, whether so expressed or referred to in the contracts or not;" and by Richardson Kellett Co. v. Kline, 70 Fla. 23, 69 So. R. 203, dealing with the status of titles based on conveyances in which reservations for rights-of-way have been reserved to the State of Florida for drainage purposes; and by applying like principles to reservations authorized under Chapter 1226 R. G. S., 1771 C. G. L., which appears to be warranted under authority of opinions in McCaskill v. Union Naval Stores Co., 59 Fla. 571, 52 So. R. 961; and Stewart v. Stearns & Culver Lumber Co., 56 Fla. 570, 80 So. R. 19.

For the reasons stated the order should be affirmed. It is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.