LEESBURG STATE BANK, a corporation, as Trustee for R. J. TULLER AND CELIA E. TULLER, his wife and ROY J. TULLER AND CELIE E. TULLER, his wife, *Appellants,* v. ROGER B. LYLE, *Appellee.*

Division B.

Opinion filed March 12, 1930.

*P. C. Gorman* and *Gaines & Futch,* for Appellants;

*J. W. Hunter,* for Appellee.

BUFORD, J.—This was a suit in equity to cancel and annul a contract for the purchase and sale of real estate the same being an executory contract for an accounting between the parties, for a decree for the return of the money

paid by the vendee to the vendor, and to declare a lien upon all the lands described in the contract to enforce the repayment of the sum paid by the vendee to the vendor.

There was a demurrer to the bill of complaint. The demurrer was overruled. Final decree was in favor of the complainant and the defendant appealed.

The question presented to this Court is whether or not the court erred in overruling the demurrer to the bill, it being contended that the plaintiff had a full, adequate and complete remedy at law, and, therefore, was not entitled to maintain the cause in equity.

As above stated, the suit was based upon an executory contract of which time was not made of the essence. The complainant was upon the face of the contract bound to make certain further payments on the lands described in the contract, which contract had been duly recorded in the office of the Clerk of the Circuit Court of the County in which the land was situated.

If the plaintiff had brought his suit merely to recover the purchase money which he had paid on the lands he would have had no standing in a court of equity. His proper remedy would have been by a suit in general assumpsit. See Cox v. Grose, 97 Fla. 848, 122 So. R. 513, and cases there cited.

In this case, however, there were two other material matters of equitable relief sought. The complainant sought a decree of the court adjudicating the rescission and cancellation of the contract and further sought the adjudication of a lien against the property described in the contract for the amount of the purchase money theretofore paid under the terms of the contract. These two things were matters of equity jurisdiction and sought benefits which could not be obtained by complainant in a court of law. A court of

equity having assumed jurisdiction for the adjudication of matters cognizable only in equity will proceed to adjudicate all proper questions between the parties presented by the pleadings.

A bill of complaint seeking a decree for the rescission and cancellation of an executory contract for the purchase and sale of real estate and the adjudication of a lien against the property described in the contract to enforce the repayment of a part of the purchase price paid by the vendee to the vendor and the return of such purchase price by the vendor to the vendee and alleging sufficient facts to show that the contract had been breached by the vendor, that the contract had been recorded, that money has been paid by the vendee to the vendor, that by the terms of the contract the vendee without the rescission of the contract may be held liable for further payments and that the vendor has failed and refused to refund the money paid by the vendee under the contract and that the parties and subject matter of the suit are each within the territorial jurisdiction of the court, will be held good as against demurrer. See Goolnick et ux. v. James, 94 Fla. 1231, 115 So. R. 529.

In Roth v. Gardner, 96 Fla. 691, 118 So. R. 728, there was no written contract which is sought to be rescinded and cancelled. Neither was there any allegation of the inability on the part of defendants to convey, or that they refused to convey. In fact, it was positively stated in the bill of complaint in that case that the defendants did offer to convey prior to suit upon the very terms upon which the complainant claimed to have purchases, though it was alleged that that was done at a late day and that complainant had then changed its mind about purchasing the land. The opinion in that case is not applicable to the case at bar.

For the reasons stated, the decree appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J. and STRUM, J., concur.

TERRELL, C. J. AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.