JOHN RINGLING ESTATES, INC., a corporation, *Appellant*, vs. SAMUEL WHITE and W. C. FREEMAN, *Appellees*.

141 So. 884.

En Banc.

Opinion filed May 28, 1932.

*Williams & Dart,* Attorneys for Appellant;

*Graham & McKaig,* and *Steven B. Jennings,* Attorneys for Appellees.

DAVIS, Commissioner.—The appellees as assignee of one Linton E. Allen, a purchaser, instituted suit for the cancellation of a contract for the sale of certain real estate, and the recovery of the initial payment made by the purchaser. The complainants, appellees here, in their bill pray that a decree be entered requiring defendant pay amount due complainants, that a lien be declared upon the land in question, and that upon failure of defendant to pay the amount ascertained to be due complainants, the land be sold to satisfy the decree.

The contract is dated April 20, 1925, and the bill shows that the defendant, the appellant here, was to furnish an abstract of title to the property, brought down to date, and should the purchaser or his attorney notify the defendant within fifteen days after receipt of abstract, and insist upon any *valid* objection to the title which could not be removed within a reasonable time, not to exceed four months, then and in such event, the purchaser might, at his option, declare the agreement terminated, whereupon the initial payment should be returned. It is also alleged in substance that upon receipt of the abstract of title, an examination of same was made by attorneys for the purchaser, which resulted in the purchaser notifying

the defendant in writing on or before February 20, 1926, that he objected to the title, as shown by the abstract, in that it appeared that one Gertrude G. Higel and her husband, Harry L. Higel, had on April 15, 1911, given to one P. D. Lacey, an "option to buy the following described real estate to-wit: property known as St. Armand's Key, containing 120 acres, more or less, etc.," and that the abstract failed to show that the option had been disposed of; that later, the purchaser again notified the defendant in writing that a valid objection existed to said title and that he desired the return of the initial payment, whereupon, the defendant informed the purchaser that all of the objections to the title were cleared up in a reasonable time, that on August 31, 1926, the purchaser informed defendant that all he wanted was a merchantable abstract of title and that as it could not be furnished immediately, he would like to have the return of his money; that on September 7, 1926, the defendant requested that further action in the matter be deferred and later, on December 14, 1926, defendant wrote to the purchaser to the effect that the several points raised by purchaser's attorney had been cleared up and that the defendant could see nothing to hinder it from giving a good, clear, merchantable title to the property; that on December 23, 1926, the purchaser, by his attorneys, notified the defendant by letter "as we have heretofore done on August 7, 1926, December 15, 1926, that we declare the agreement terminated and of no effect, and demand the return" of the initial payment; that on March 8, 1927, the defendant offered to substitute other lots for the lots contracted for, upon terms stated in a letter of that date, which was never accepted by the purchaser or his assignees, and that complainants subsequently continued to demand the return of said initial payment; that the defendant has never delivered to the purchaser or to the complainants an abstract

showing a good and merchantable title to the property contracted for. It is not shown by the amended bill when the abstract of title was received by the purchaser.

Demurrer was interposed to the bill of complaint, which was overruled by the Court, and from this order the defendant took an appeal to this Court.

There are a number of errors assigned, but all of them may be considered under one that questions the propriety of the order overruling the demurrer.

Upon breach of the contract, if it was breached, by the vendor, complainants had the right to affirm the contract and sue the vendor for damages, or to disaffirm the contract and bring an action at law to recover back the payment that had been made, but they were not confined to these remedies. They had the right, at their election, to ask for a rescission and cancellation of the contract and to an adjudication of a lien against the property described in the contract for the amount of the initial payment made thereunder, and neither of these benefits could be had at law. When a Court of Equity assumes jurisdiction for one purpose it will grant full relief. See Leesburg State Bank vs. Lyle, 99 Fla. 535, 126 So. 791; Dominick vs. James 94 Fla. 1231, 115 So. 529. Norris vs. Eikenberry, 103 Fla. 104, 137 So. 128; Wolfie vs. Daughtery, 103 Fla. 432, 137 So. 717.

It is incumbent upon a complainant to allege in his bill clearly and definitely, every fact that is necessary to entitle him to relief, and if he omits allegations of essential facts, or alleges facts which show he is not entitled to the relief sought, he must suffer the consequences. Morrison vs. Braddock, 100 Fla. 1152, 131 So. 124; Williams v. Dormany, 99 Fla. 496, 126 So. 117; Norton vs. Jones, 83 Fla. 81, 90 So. 854; McClinton vs. Chapin, 54 Fla. 510, 45 So. 35; Durham vs. Edwards, 50 Fla. 495, 38 So. 926.

595

585

If there was a *valid* objection to the title which could not be removed within four months from the time defendant was notified of such objections, the duty devolved upon the purchaser, if he elected to terminate the contract, to give notice to the vendor, within 15 days after receipt of abstract, that the defect pointed out by the opinion of his attorneys was considered and held to be a material defect, and that the same could not be cured within four months, or, if it could be cured within that time, demand that it be done, (Leusman vs. Kyle, 97 Fla. 465, 121 So. 464), and to allege such facts in his bill of complaint.

It is not made to appear that the objection to the title was made within fifteen days after the receipt of the abstract, and the description of the land, as shown by the objection, is not immune from the criticism that it is too indefinite to enable one to determine whether it covers the land in question. Furthermore, it is not shown that the Higels at any time held the title to the land. We may assume, however, that the bill is sufficiently definite as to such matters, and yet it is insufficient for complainants to obtain the relief sought, because it appears that Lacey had merely an option for not exceeding 90 days from April 15, 1911, to buy and pay for the said land, and upon the exercise of which the optioners were to execute a warranty deed to whomsoever the optionee might direct. Without some showing that the optionee had exercised the option, we can see no valid objection to the title. If a deed had been executed to the optionee, or his nominee, no valid objection, on account of the option, could have been raised, and if no deed had been executed and delivered, then suit to enforce a deed with lis pendens notice, should have been long since filed. If such a suit was filed, the abstract would have shown it and the objection would not have been confined in its terms to the option. If Lacey, the optionee, decided to purchase the property, and commu-

586

nicated that decision to the optioner within the life of the option, but did nothing more to preserve his rights, he, at the time of the execution of the contract in question, was barred by lapse of time from claiming any interest in the property by virtue of the option.

There is no equity in the bill and error was committed by the court in overruling the demurrer thereto.

The order appealed from is reversed and the cause is remanded with directions to dismiss the bill of complaint.

PER CURIAM.—The record in this case having been considered by the Court and the foregoing opinion, prepared under Chapter 14553, Acts 1929, Ex Sess., adopted by the Court as its opinion, it is considered, ordered and decreed by the court that the order of the court below be, and the same is, hereby reversed, and the cause is remanded with directions to dismiss the bill of complaint.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.