HARTFORD FIRE INSURANCE Co., *et al.,* v. J. W. BROWN and TOWN OF MADISON.

160 So. 657.
Division B.
Opinion Filed April 4, 1935.
Rehearing Denied April 20, 1935.

*Davis & Davis* and *Watson & Pasco & Brown,* for Appellants;

*C. A. Avriett,* for Appellees.

BUFORD, J.—J. W. Brown exhibited his bill of complaint in the Circuit Court of Madison County, Florida, against Hartford Fire Insurance Company, a corporation of Hartford, Conn., American Home Fire Assurance Co., a corporation of New York, N. Y., The Home Insurance Company, a corporation of New York, N. Y., and the Town of Madison, a municipal corporation.

In the bill of complaint complainant alleged in effect that on the 18th day of December, 1933, he purchased and was put in possession of a certain described lot of land in the Town of Madison, Florida; that the purchase was from the owner, The Town of Madison, a municipal corporation. That at the time he purchased the land it was agreed that he should pay $100.00 cash and $500.00 on November 15th, 1933, and $500.00 on January 15, 1934, and that the Town of Madison undertook to make to the complainant a bond conditioned to deliver the complainant a good title to the land when the complainant had made the payments as agreed upon. But that in the drawing of the proposed bond for title the scrivener by mistake drew the bond so that J. W. Brown of the County of Hamilton became held and firmly bound unto the Town of Madison of the County of Madison, State of Florida, in the sum of $1100.00 for the payment whereof well and truly to be made he bound him-

self, his heirs, Executors and Administrators; that the words, "J. W. Brown of the County of Hamilton and State of Florida" should have been placed in lieu of the words "Town of Madison of County of Madison, State of Florida," and that the latter words should have been placed in the instrument in lieu of the former words. The instrument was attached to the bill of complaint and made a part thereof and its context shows conclusively that this was the intention of the parties.

It is further alleged that Brown executed two notes payable to the Town of Madison for the deferred payments of $500.00 each, one due and payable on November 15th, 1933, and the other due and payable on January 15, 1934. It is alleged that at the time of the purchase the Town of Madison had and held a contract of fire insurance upon a dwelling house upon the land issued by the American Home Fire Assurance Co. in the sum of $1,000.00; that Town of Madison and the plaintiff caused the American Home Fire Assurance Co. to change the policy so that loss was payable, instead of to the Town of Madison, to the Town of Madison and plaintiff *jointly* for the sole, only and no other purpose than security for the two notes due by the plaintiff to the Town of Madison before mentioned. And that the premium was duly paid on the said policy; that that policy remained in the custody and control of the Town of Madison.

It is alleged that on October 3, 1933, Home Insurance Company, for and in consideration of the premium paid, did make, issue and deliver to the complainant and the Town of Madison its policy of insurance numbered 186 in the sum of $2,000.00, insuring against loss from fire the same dwelling house for a period of one year and that this policy was payable to the Town of Madison and the complainant jointly for the purpose as security for the payment

of the notes above mentioned. That on the same day Hartford Fire Insurance Company, for a like consideration and for the same purpose, issued a policy to the complainant and the defendant, Town of Madison, in the sum of $2,000.00 insuring the same house against loss by fire for a period of one year; that the premium was duly paid and that this policy was also intended between the parties to be further security for the payment of the two notes aforesaid.

It is further alleged that the three defendant insurance companies had full knowledge of the contract of purchase, and its terms, and that the complainant owed the Town of Madison $1,000.00 evidenced by the two notes and that those policies were made payable in the manner above set forth for the purpose of being security for the sum of $1,000.00 due by complainant to the Town of Madison and that the Town of Madison was bound upon the payment of $1,000.00 to it by complainant to make and convey by good deed fee simple title to the plaintiff the described premises. That the three insurance companies were advised of and knew fact to be that the interest of the Town of Madison in the said property was in the sum of $1,000.00 and that the Town of Madison held the legal title to the said property while the equitable title was in the complainant, subject to the indebtedness of $1,000.00 only.

It is then alleged that thereafter, to-wit, on October 4th, 1933, the dwelling house so insured in said policies was burned and destroyed by fire and loss was thereby occasioned to the complainant in the sum of $2,000.00 on one of the policies as above mentioned, $2,000.00 on another of the policies as above mentioned and $1,000.00 on the other policy above mentioned, and that the dwelling house burned under such circumstances and conditions as to render the insurance company liable for the full amount of the said

policies to the complainant and the Town of Madison. That the said insurance companies were each liable on its respective policy to the extent of the face amount thereof to the complainant and the Town of Madison, but, that the aggregate amount of the interest of the Town of Madison in and to said policy amounted to only $1,000.00, which was equivalent to the interest of the Town of Madison in the property.

· It is averred that proof of loss was made and that complainant did all things and that all things have happened and all time has expired which entitle complainant and the Town of Madison to receive payment from the respective insurance companies, each for the respective amount of the policy issued by the said company, but each company failed and refused to pay the amount of the policy.

It is then alleged as follows:

"Plaintiff alleges that on to-wit January 22, 1934, and after full time had elapsed for the payment to plaintiff and Town of Madison of the said sums of money hereinbefore set out by the three defendant Insurance Companies, that the three aforementioned defendant Insurance Companies jointly *conspiring* began a scheme of connivance and negotiations with the defendant Town of Madison to induce said Town of Madison to breach its contract with plaintiff, entered into on Sept. 18th, 1933, which said contract marked Exhibit "A" is attached to this bill, which said negotiations were in writing by the attorneys for the said three defendant Insurance Companies, a copy of said negotiations is attached hereto marked Exhibit "E." Thereafter on the 26th day of January, 1934, the Town of Madison by its City Council in Special Session did by motion and adoption accept from the defendant Insurance Companies the following proposition by said Insurance Com-

panies to-wit "The said Insurance Companies will jointly pay to the Town of Madison the sum of $1000.00 upon consideration that said Town deed to said Companies or to any one they may designate the property described in that certain bond now held by J. W. Brown and executed by the Town of Madison on Sept. 18th, 1933, subject to the rights of said Brown if any, and assign to said Insurance Companies or to such person as they may designate the notes now held by said Town executed and delivered to it by the said Brown at the time of the execution and delivery to him of said bond together with an assignment of the right to such action as the said Town now has to enforce the payment of said note or to enforce its lien against the said property, and will also release in writing the said Insurance Companies from further or other liability under the said policies." A copy of the proceedings of said Town Council is attached hereto marked Exhibit "F," and prayed to be taken and read as a part of this bill of complaint.

"10. That said defendant Insurance Companies have at and before the filing of this bill of complaint paid to the defendant Town of Madison the said sum of $1000.00 for which the said Insurance Companies in and by their contract of policies of insurance promised to pay to said Town of Madison, and said Town of Madison now has no other or further interest in said policies of insurance with plaintiff. That in and by reason of the payment to the Town of Madison by the said Insurance Companies, the said Town of Madison was bound to convey to plaintiff the premises described in paragraph one of this bill, but have wrongfully conveyed said lands to said Insurance Companies as is particularly hereinbefore set out, and said Insurance Companies are now as a matter of right, equity and good conscience holding the legal title to said lands as trustee of plaintiff,

and that said Insurance Companies should and ought to convey said lands to this plaintiff."

The bill prays that the bond for title be reformed. It prays that defendants Hartford Fire Insurance Co., American Home Fire Assurance Co., and Home Insurance Company be decreed to be holding in trust the legal title to the lands involved in this suit and that the said Insurance Companies be required to convey the same to the complainant and be required to deliver up and have cancelled the two notes executed by complainant to the Town of Madison in the sum of $500.00 each. It prays that each of the Insurance Companies be required to make an accounting and render to the complainant the sum or sums of money that may be found to be due complainant by each company after deducting of the amount of money paid by such company to the Town of Madison; that the Town of Madison be required to produce before the Court the insurance policy, which it is alleged is in possession of that defendant, being the American Home Fire Insurance Policy No. 1007 in the sum of $1,000.00.

The bill then prays for specific performance of all contracts between the parties; that complainant be allowed attorneys' fees and that defendants be required to pay interest.

Motion was made to dismiss the bill of complaint. The first ground of this motion is that there was no equity in the bill. The second ground is as follows:

"There is joined therein the equitable cause of action for reformation and the specific performance of a contract for the sale of real estate with separate and distinct causes of action at law, against the above named defendants, for a breach of insurance contracts."

The third ground is that the bill is multifarious.

The fourth ground is that the bill shows that the complainant was in default and that it fails to show that the defendants or either of them have defaulted in the performance of the contracts.

Another ground is that the complainant has full, adequate and complete remedy at law against each of the named defendants.

There are a number of other grounds which it is not necessary for us to mention here.

Motion to dismiss the bill was denied. Thereupon defendants appealed.

The appellants have limited the questions for consideration by this Court to two. The first is, "Does the bill state a cause for equitable relief against several defendants?"

The second question propounded is, "Can legal demand against insurer growing out of contract for insurance be enforced with equitable action against vendor or successor for reformation and/or specific performance of contract for the sale of real estate insured?"

The first question can be categorically answered in the affirmative.

The second question may be answered in the affirmative under the facts in this case as disclosed by the bill of complaint.

The motion to dismiss admits for the purposes of consideration here all the facts well pleaded in the bill of complaint. As we construe the bill of complaint, the defendants created grounds for equitable relief when the three insurance companies and the Town of Madison, each and all being cognizant of the complainant's rights, entered into a four-party agreement, which agreement is evidenced by Exhibit "E" attached to the bill of complaint, which is as follows:

"January 22, 1934.

"Town of Madison, and J. W. Brown, Madison, Florida.

"Re: Claim against Hartford Fire Ins. Co., Policy No. 1590; Am. Home Fire Assurance Co., Policy No. 1007, The Home Ins. Co., N. Y., Policy No. 186.

"Gentlemen:

"Without waiving, but reserving, any and all rights they may have to interpose any defense of any character to actions, if contemplated, on the policies above referred to and held by you, and with the sole purpose of effecting a compromise settlement of your claim under said policies, we are authorized to make the following proposition:

"The said Companies will jointly pay to J. W. Brown and the Town of Madison, jointly, the sum of One thousand dollars for a full release from any and all liability under, and for a surrender of said policies.

"If the above proposition is not satisfactory to you, we submit under the same conditions and reservations, to the Town of Madison the following proposition:

"The said Insurance Companies will jointly pay to the Town of Madison the sum of One Thousand Dollars upon condition that said Town deed to said Companies, or to anyone they may designate the property described in that certain Bond now held by J. W. Brown and executed by the Town of Madison on Sept. 18, 1933, subject to the rights of said Brown, if any, and assign to said Insurance Companies, or to such person as they may designate, the notes now held by said Town, executed and delivered to it by the said Brown at the time of the execution and delivery to him of said bond, together with an assignment of the right to take such action as the said Town now has to enforce the payment of said notes or to enforce its lien against the said property; and will also release in writing

the said insurance companies from further or óther liability under the said policies.

"Awaiting your pleasure, we are

"Yours very truly,

"DAVIS & DAVIS.

"Exhibit 'E.' "

And the acceptance of that proposition by resolution of the Town Council of the Town of Madison in the following language:

"Proceedings Town Council, Town of Madison, Fla., January 26th, 1934.

"Council met in recess session. The meeting was called to order with the following Councilmen present, B. C. Waring, A. B. Lanier, C. H. Smith, J. T. Millinor and Joe Beven.

"The offer made by the Insurance Companys to settle fire loss on the Inglis House at a previous meeting to the Town and J. Wade Brown, was brought up for further consideration.

"After discussing the matter, Col. C. A. Avriett representing Mr. J. Wade Brown refused said Brown being present and declined to accept the offer of the Insurance Companys, thereupon Mr. C. H. Smith made a motion seconded by Mr. B. C. Waring, that the council accept the second offer of the Insurance Companys which is as follows:

"That the said Insurance Companys, (namely the Hartford Fire Insurance Co., Am. Home Assurance Co. and the Home Ins. Co., N. Y.) will jointly pay to the Town of Madison the sum of One Thousand Dollars upon condition that said Town deed to said Companies, or to any one they may designate the property described in that certain Bond

now held by J. W. Brown and executed by the Town of Madison on September 18th, 1933, subject to the rights of said Brown, if any, and assign to said Insurance Companies, or to such person as they may designate, the notes now held by said Town, executed and delivered to it by said Brown at the time of the execution and delivery to him of said bond, together with an assignment of the right to take such action as the said Town now has to enforce the payment of said notes or to enforce its lien against said property, and will also release in writing the said Insurance Companies from further or other liability under the said policies, and that the City Atty. be instructed to prepare all necessary papers, in compliance with this motion. Upon Roll Call vote was as follows, B. G. Waring, Yes; A. B. Lanier, Yes; C. H. Smith, Yes; J. T. Millinor, Yes; Joe Bevan, Yes; and the motion was unanimously carried.

"There being no further business, council adjourned."

And by carrying into execution that agreement.

According to the allegations of the bill of complaint at the time that the agreement was made the Town of Madison held the $1000.00 insurance policy as security for its debt from Brown. It also was named as joint payee in two other policies of $2,000.00 each to secure the same debt. In other words, according to the allegations of the bill of complaint, the policies in effect were payable to Brown and the Town of Madison each as their interest might appear. The interest of the Town of Madison was $1,000.00 and when that sum was paid by the insurance companies to the Town of Madison under the allegations of the bill of complaint it became the duty of the Town of Madison to deliver to Brown his notes for $500.00 and a deed of conveyance conveying the lands involved in fee simple to Brown. Under the allegations of the bill of complaint, when the Town of

Madison received the $1,000.00 proceeds from those insurance policies and the insurance companies through their agents each having full knowledge of the contract and obligations existing between Brown and the Town of Madison and thereupon the Town of Madison did convey the property to a Trustee, the nominee of the three insurance companies, the title was so conveyed in trust for Brown and he became, by operation of law the *cestui que* trust of the title so conveyed. Such trust having been created, it is elementary that the enforcement of the trust obligation and the discharge of the trust is a matter of equitable cognizance. The complainant alleges that he is not advised as to how much each of the insurance companies contributed to the fund of $1,000.00 paid to the Town of Madison and, therefore, an accounting is necessary that he may be advised of the liability of each of the insurance companies in the sum of the unpaid balance due by each company on its respective policy. While Brown might get this relief by discovery in a law suit, accounting is a matter of equitable cognizance and since according to the allegations of the bill of complaint, the defendants have so colluded, contracted and agreed together as to make it necessary for Brown to go into a court of chancery to procure full, adequate and complete relief, the allegations of his bill are sufficient to bring him and these causes of action within the purview of Section 31 of the 1931 Chancery Practice Act. That section of the Act provides, "If there be more than one defendant the liability must be one asserted against all the material defendants or *sufficient grounds must appear* for uniting the causes of action in order to promote the convenient administration of justice." (Italics supplied.)

It is quite well settled in this jurisdiction that one purchasing property with notice that the grantor had contracted

to convey it may be compelled to perform the contract in the same manner as his grantor would have been liable to do, had he not transferred the legal title. See Harris v. Requa, 105 Fla. 312, 140 So. 911 and cases there cited. We do not have to go that far in this case, however. Here the insurance companies voluntarily discharged their respective liabilities to the Town of Madison by paying to the Town of Madison the amount of its interest in the insurance policies, which interest was the amount of the debt from Brown to the Town of Madison and which was all that the Town of Madison could have recovered under the insurance policies in any event. The Town could not have recovered anything on the policies if Brown had paid the debt. So the payment by the insurance companies in discharge of their obligation to the Town of Madison amounted to a payment by Brown and could not be, under the allegations of the bill of complaint, considered in law as a purchase of the property as against the interest of Brown. Where a court of equity takes jurisdiction of a cause for one purpose it will proceed for the determination of all the matters properly presented. Commercial Bank v. First Nat. Bank, 75 Fla. 634, 70 So. 446; Szabo v. Speckman, 73 Fla. 374, 74 So. 511, L. R. A. 1917D, 357; Donegan v. Baker, etc. Co., 73 Fla. 241, 74 So. 202; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A. L. R. 25; Leesburg State Bank v. Lyle, 99 Fla. 535, 126 So. 791; Commercial Bank v. First Nat. Bank, 80 Fla. 685, 87 So. 315. And in the disposition of such matters the court of equity will grant full relief. (Ringling Estates v. White, 105 Fla. 581, 141 So. 884; Etter v. State Bank, 76 Fla. 203, 79 So. 724, 726). It will settle conflicting claims of different owners of claimants and adjust all equities between the parties

growing out of the subject matter. Moore v. Price, 98 Fla. 276, 123 Sou. 768.

In Levitt v. Axelson, 102 Fla. 233, 135 Sou. 553, we held:

"Where a bill in equity states several different causes of action united in the bill, which different causes of action united in the bill grew out of the same transaction, and all the defendants are interested in the same right, the bill can be maintained on the theory that, where a court of equity takes jurisdiction of a cause for one purpose it will proceed with the determination of all matters presented."

In Brown v. Solary, 37 Fla. 102, 19 So. 161; Wiggins v. Williams, 36 Fla. 637; 18 So. 859, 30 L. R. A. 754, we held: that a court of equity will settle purely legal questions which otherwise would be beyond the scope of the powers of equity but for the fact that they grow out of and are connected with the matter involved, of which equity will take cognizance.

In Curtis v. Albritton, 101 Fla. 853, 132 Sou. 677, we said:

"The power to stay proceedings at law for the purpose of exercising equitable control over the parties and proceedings, to the end that justice may be promoted, seems to be inherent in courts of general jurisdiction. (20 Ency. Pl. & Pr. 1252; 4 Barbour's Chancery Practice 124) and a court of equity in interpleader proceedings may enjoin an action at law in order to draw the entire litigation into one principal action."

It has been repeatedly held that a court of equity having assumed jurisdiction for the purpose of reforming a written contract may retain jurisdiction and proceed to enforce the contract after its reformation so that full and complete justice may be administered. Phenix Ins. Co. v. Hilliard,

624

59 Fla. 590, 52 So. 799, 138 Am. St. Rep. 171. See also, Doggett v. Hart, 5 Fla. 215, 58 Am. Dec. 464; El Modello Cigar Mfg. Co. v. Gate, 25 Fla. 886, 913, 7 So. 23, 28, 23 Am. St. Rep. 537; 6 L. R. A. 823; Hefner v. Nrothwestern Life Ins. Co., 123 U. S. 747; 8 S. Ct. 337, 31 L. Ed. 309; 16 Cyc. 106; Sarasota Ice, etc. Co. v. Lyle & Co., 53 Fla. 1069, 1074, 43 So. 602. Capital City Bank v. Holson, 64 Fla. 206, 60 So. 189, 195 Ann. Cas. 1914B, 1211." See also Punta Gorda State Bank v. Wilder, 93 Fla. 301, 112 So. 569.

So we conclude there was equity in the bill and we also conclude that the allegations of the bill are sufficient to show the complainant's right against the insurer growing out of the conduct of the insurer with other like insurers and complainants joint insured, together with the contracts of insurance, which contracts of insurance constitute the subject matter of the dealings between the insurers and complainants jointly insured, may be enforced in a court of equity.

The order appealed from should be affirmed.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.