James S. Hackney, *et al.,* doing business under the firm name of Adams & Hackney Lumber Company, v. Caroline E. Enslee, *et al.*

189 So. 825
Opinion Filed June 6, 1939
Rehearing Denied July 1, 1939

*Zewadski & Pierce, Wm. C. Pierce, G. P. Smythe* and *Paul C. Albritton,* for Appellants;

*Singeltary, Kirk & Cornwell,* for Appellees.

BUFORD, J.—The appeal brings for review final decree in favor of complainants' in a suit brought to require an accounting and to impress a lien on lumber cut from logs sold to the defendants by the complainants under a stumpage contract, and to require the payment by the defendants to the complainants.

There was also a prayer for injunction to restrain the complainants from proceeding with the cutting of timber from the lands of the complainants during the pendency of the litigation. Restraining order was granted but later dissolved upon the defendants posting bond in compliance with the order which *inter alia,* provided as follows:

"It is further ordered by the court that the temporary injunction heretofore granted in this cause be and the same is hereby dissolved, conditional upon and effective when the defendants shall have furnished and filed herein a bond in the sum of Two Hundred and Fifty ($250.00) dollars, to be approved by the clerk of this court. The said bond to be made to plaintiffs herein and payable upon the following conditions', namely: That if defendants will pay off and satisfy any decree that may be entered against them on final hearing herein, provided it is also adjudged by the court that plaintiffs have a lien to secure the moneys so decreed, upon the lumber now located on the mill yard of defendants, manufactured from logs furnished by plaintiff, that then and in that event said bond is to become and be null and of no effect, and that otherwise said bond is to be and remain in full force and effect. * * *"

It is contended first that the bill was without equity because the allegations were insufficient to show the existence of equitable jurisdiction. The basis of the claim of complainants is that the defendants entered into a contract with

the complainants to cut complainants' timber from certain lands and to pay for the timber at the rate of $8.50 per thousand board feet log measure and in the contract, which was submitted in the form of a letter from defendants to complainants, and which was accepted by the complainants, it was provided:

"3. In figuring the number of board feet in the trees that we cut we agree to your using any one of the approved scaling rules for scaling the logs, or, if after trying this method of figuring the board feet you wish to figure the board feet from the lumber after it is sawed, we will give you every facility and help possible in doing this."

And that pursuant to that contract the defendants proceeded to cut logs from the lands of the complainants and to manufacture the same into lumber and that the complainants directed and required that the defendants scale and pay for the logs according to the International rule; that the defendants declined to pay for the logs by measurement according to the International rule but insisted upon using the Doyle rule; that the application of the Doyle rule results in a showing of much less lumber content per log than is shown or found by the application of the International rule.

The complainants claim pay for the lumber which had been cut at the time of the institution of the suit according to scale by the International rule and sought to require the defendants to use International rule in cutting the remainder of the timber and to enjoin the cutting of the timber unless and until defendants made the settlement for the timber cut according to scale by the International rule and claimed a lien on the lumber manufactured from the timber cut from complainants' lands for the difference between what defendants had paid for timber scaled according to the Doyle rule and what they should have paid and were

required to pay for the timber when scaled by the International rule.

The lien claimed was that provided by Section 3509 R. G. S., 5370 C. G. L., when taken in connection with Section 3502 R. G. S , 5363 C. G. L. It is too clear to require any argument that under the provisions of the statutes, *supra,* that one who furnishes logs to another to be manufactured by such other into lumber has a lien upon the lumber cut from such logs to enforce the payment of the purchase price.

So, regardless of whether there was any showing of necessity for an accounting, the allegations of the bill were such as to show equitable jurisdiction to impress the statutory lien on the lumber cut.

The court in the order, *supra,* held the lien to exist and required bond to be posted by the defendants to protect the complainants on the vacating of the restraining order. The defendants posted the bond and cannot now be heard to say that the complainants' standing in a court of equity was annulled by this action. It is well settled that where a court of equity takes jurisdiction of a case for one purpose it will proceed with the determination of all the matters properly presented. Commercial Bank v. First Natl. Bank, 75 Fla. 634, 79 So. 446; Szabo v. Speckman, 73 Fla. 374, 74 So. 411, L. R. A. 1917D 357; Donegan v. Baker, etc., Co., 73 Fla. 241, 74 So. 202; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A. L. R. 25; Leesburg State Bank v. Lyle, 99 Fla. 535, 126 So. 791; Commercial Bank v. First Natl. Bank, 80 Fla. 685, 87 So. 315. And will grant full relief: Ringling Estates v. White, 105 Fla. 581, 141 So. 884; Etter v. State Bank, 76 Fla. 203, 79 So. 724, 726.

In Brown, *et al.,* v. Solary, *et ux.,* 37 Fla. 102, 19 So. 161, it was held:

"Where a court of equity has, by virtue of its original

or concurrent jurisdiction, cognizance of a case for one purpose, it will proceed to a complete adjudication of the entire case, even to the settlement of purely legal rights which otherwise would be beyond the scope of its powers."

The second question is stated by the appellants, as follows:

"Second question: Where, in a contract for the cutting and sale of standing timber in Florida, it is agreed that the lumber company shall cut the timber and pay the owner thereof according to 'any one of the approved scaling rules for scaling the logs,' and it develops later that the Doyle rule is, and has been since 1889, the only legally adopted rule for the measurement of timber logs in Florida, and that the Doyle rule, and to a lesser extent the Scribner rule and Decimal C. rule, are the only rules adopted or approved by custom or usage for Florida timber, and the lumber company cuts and scales all logs under the contract according to the Doyle rule and pays promptly therefor, is the owner of such timber, after the contract has been mutually entered upon and in the midst of cutting, justified in demanding that the Doyle rule be discarded and the so-called International rule substituted therefor, where it appears that the International rule is not an adopted rule for Florida timber either by statute or by custom or usage; especially where, after the controversy develops, the lumber company offers in writing to scale all timber under the contract by board feet after the same is sawed, which latter method is an alternative provision of the contract to the log rule measurement, and which offer is refused by the owner?"

As stated above, the contract was in the form of a letter signed by the defendants and accepted and approved by the complainants. Section 3 of that letter, above quoted, says: "In figuring the number of board feet in the trees that *we* cut we agree to *your* using any one of the approved scaling rules for the scaling of the logs." (Emphasis supplied.)

This clause of the contract recognizes that there exists more than one approved scaling rule.

The record shows that there exists at least four approved scaling rules known as the Doyle rule, the Scribner rule, the Decimal C. rule and the International rule. The contract left it to the vendors to designate the scaling rule which should be applied to this timber and they selected and designated the International rule. The appellants contend that Doyle's rule is the only approved rule in Florida. It is true that Section 2384 R. G. S., 3793 C. G. L., provides as follows:

"Doyle's rule and log book for the measurement of saw logs is adopted as the standard rule for the measurement of saw logs, whether round or square, which are required to be scaled or measured within the limits of this state."

But, Section 5661 R. G. S., 7864 C. G. L., provides as follows: "Whoever buys or sells any logs or square timber by any other measure or scale than Doyle's rule and log book, or if any timber inspector wilfully makes return of any other inspection scale or measurement of timber except according to said book, shall be punished by fine not exceeding two hundred dollars for each offense, or by imprisonment not exceeding six months. When it is mutually agreed between the buyer and seller, another than Doyle's rule book may be adopted and a survey can be made by a party other than a commissioned inspector."

Therefore, it affirmatively appears that by mutual agreement between the parties any other scaling rule than Doyle's rule may be adopted for the measurement of the lumber content of logs in this State and this contract shows that the parties agreed that the owners of the timber should have the right to designate any approved rule of scaling for the measurement of the timber; that the owners selected and designated the International rule and there is substantial

evidence in the record to support the finding of the chancellor that the International rule is an approved rule for scaling timber and that it was available for selection by the owner.

A study of the entire record discloses no reversible error. Therefore, the decree appealed from should be, and is, affirmed.

So ordered.

Affirmed.

TERRELL, C. J., and WHITFIELD, BROWN, CHAPMAN and THOMAS, J. J., concur.