**PETER TELLERINE v. PUBLIC REALTY COMPANY, INC.**

28 So. (2nd) 821                                    January Term, 1947
January 21, 1947                                              Division B
Rehearing Denied February 6, 1947

*Cleveland, Sibley & Davis,* for appellant.

*Thomas H. Anderson,* for appellee.

BUFORD, J.:

This appeal brings for review final decree entered pursuant to bill of complaint, decree pro confesso timely entered after due notice to defendant that same would be applied for, and testimony taken.

We have here two questions, the answers to which control the disposition of the appeal, viz:

(1) Do the allegations of the bill of complaint state a cause, or causes, of action cognizable in equity?

(2) Does the relief awarded in the decree fall within the purview of the allegations of the bill of complaint?

Both questions must be answered in the affirmative.

Section 28, Florida Chancery Act provides, inter alia:

"Every bill of complaint shall be considered to pray for general relief."

It, therefore, follows that if the allegations of the bill of complaint are sufficient to show that the complainant is entitled to any relief in equity, it must be held that the bill contains equity.

It is true that the bill of complaint sought relief which, assuming the allegations of the bill to be true, it could have had at law; but the equitable relief which the allegations showed the plaintiff to be entitled to and the relief which might otherwise have only been had at law grew out of a single transaction which was divided into the two parts. Therefore, when equity assumes jurisdiction to grant relief in equity it will proceed with the determination of all matters pending between the parties properly presented. Commercial Bank v. First Nat. Bank, 75 Fla. 634, 79 So. 446; Szabo v. Speckman, 73 Fla. 374, 74 So. 411, L.R.A. 1917D, 357; Donegan v. Baker, etc. Co., 73 Fla. 241, 74 So. 202; Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 1 A.L.R. 25; Leesburg State Bank v. Lyle, 99 Fla. 535, 126 So. 791; Commercial Bank v. First Nat. Bank, 80 Fla. 685, 87 Sou. 315; Ringling Estates v. White, 105 Fla. 581, 141 Sou. 884; Etter v. State Bank, 76 Fla. 203, 79 So. 724, 726.

The allegations of the bill show that plaintiff was entitled to an accounting. They show that it was entitled to have the lease adjudged forfeited for breach of its covenants and was entitled to have certain personal property remain in the building where it was located and to an injunction prohibiting its removal therefrom. As incidental to this relief it was entitled to be put in possession of the leased premises and of the personal property which is referred to in the lease

and described in the bill of sale which constituted parts of the transaction between the parties.

In this case the court did not in terms grant all the relief that the allegations of the bill of complaint and the proof warranted but such relief as was granted by the decree is within the purview of the allegations of the bill of complaint and sufficiently disposes of the rights of the parties as shown by the pleading and proof.

Therefore, the decree is affirmed.

So ordered.

THOMAS, C.J., ADAMS and BARNS, J.J., concur.