62 So.2d 28 (1952)
McGriff et ux.
v.
McGill.
Supreme Court of Florida, Special Division B.
December 16, 1952.
*29 Walter C. Shea and Releford McGriff, Jacksonville, for appellants.
Rogers, Bryan & Rogers, Jacksonville, for appellee.
PER CURIAM.
On February 25, 1949, Idella M. Lanham, unmarried, Noel H. Lanham and Marjorie S. Lanham, his wife, grantors, conveyed to S.D. McGill, as trustee for S.D. McGill II (Emphasis supplied), grantee, certain lands and the building thereon located in the City of Jacksonville. The deed was one of bargain and sale. It was recorded March 3, 1949 in the public records of Duval County. After the deed was recorded and returned to S.D. McGill, there was inserted in said deed, at the request of S.D. McGill, the words "with full power to sell or mortgage" immediately folowing the name of the grantee. There was also inserted in the deed at the same time, at the request of S.D. McGill, the words "Note: This deed is re-recorded for the purpose of showing power of trustee." The records conclusively establish that these insertions were made in said deed at the direction of S.D. McGill at a time when only he and an employee of his office were present. Neither the grantors nor the witnesses nor the notary who took the acknowledgement was present at said time. The deed was re-recorded some ten months after the first recording.
On April 5, 1951, twenty days after S.D. McGill died, there was filed for record in Duval County a warranty deed dated December 1, 1949, from S.D. McGill, as trustee for S.D. McGill II, grantor, to Releford McGriff, grantee, covering the same property described in the deed from the Lanhams to S.D. McGill, as trustee for S.D. McGill II theretofore referred to.
Shortly after the recording of the last deed to McGriff, the plaintiff below, S.D. McGill II, appellee here, filed his complaint in the Circuit Court of Duval County to quiet his title to the lands described in the foregoing deed, and in said complaint asserted that he was the fee simple owner of said lands and that the deed from McGill, as trustee, to McGriff, supra, constituted a cloud on his title and was null and void for the reason, among others, that S.D. McGill held only the naked legal title to said property in trust for the plaintiff; that the same was a "dry" or "naked" trust, and that said S.D. McGill was with-authority to convey the same.
The plaintiff sought not only to quiet his title to said lands, but also a judgment against the defendant below, appellee here, for the rents, incomes and profits, as well as a judgment against the defendant for the reasonable rental value of the space in the building on said premises occupied by him subsequent to March 15, 1951.
The defendant answered and filed a counterclaim which was stricken by the lower court. The striking of the counterclaim is not assigned as error here nor argued by the parties. The answer was primarily a general denial of the allegations of the complaint.
Upon the issues so made extensive testimony was taken before a Master and he made exhaustive findings of fact and conclusions of law. He recommended the entry of a decree quieting title in the plaintiff S.D. McGill II and the entry of a judgment against defendant McGriff for the sum of $80 per month since March 15, 1951, and that the court retain jurisdiction for the purpose of determining the value of the rents and profits accruing on said property subsequent to the date of the original deed. The lower court, after hearing exceptions to the findings of the Master, entered its decree in conformity with the recommendations, and it is from this decree that this appeal is prosecuted.
Two questions are presented for our consideration. The first concerns the legal effect of the deed from the Lanhams to McGill, as trustee, and the second concerns the power of the lower court to enter the judgment for the rental of the premises *30 in a proceeding to quiet title. Certain other questions are argued but we find no merit in them.
As to the legal effect of the deed of February 25, 1949, from the Lanhams to "S.D. McGill, as trustee for S.D. McGill II", the Master in his findings held as follows:
"That at the time of its execution and delivery, and at the time it was recorded in Deed Book 1363, page 202, of the current public records of Duval County, Florida, as hereinabove found, said deed recited that it was made `to S.D. McGill, as Trustee for S.D. McGill II'; that the said deed at the time of aforesaid contained no recitation of any powers or duties of S.D. McGill to be by him exercised or performed as Trustee for S.D. McGill II, but contained merely the words `to S.D. McGill, as Trustee for S.D. McGill II,' insofar as said deed specified the grantee named therein; that by the said language contained and used in said deed, and because said deed failed to grant any powers to or impose any duties upon said S.D. McGill, as Trustee for S.D. McGill II, and because said deed failed to provide that said S.D. McGill should have any control and discretion in the application of the profits of the estate created by said deed, said deed contained a mere dry trust, and by operation of law, under the provisions of the statute of Uses, said deed conveyed both the legal and equitable title to the property described therein to S.D. McGill II, who thereby became and still is the absolute owner in fee simple of said property, subject to the mortgage and taxes mentioned in said deed."
We hold the decree of the Court sustaining the findings of the Master was entirely correct. See Section 2.01, F.S.A.; Florida Statutes 1941, Vol. III, p. 5 et seq. (helpful and useful information). See also Thompson on Real Property (Perm.Ed.), Par. 2336; Tiffany on Real Property (2d Ed.), Vol. 1, Par. 109; 54 Am.Jur. (Trusts), Par. 12; Elvins v. Seestedt, 141 Fla. 266, 193 So. 54, 126 A.L.R. 1001, and the authorities there cited.
As to the contention made by appellants that the award of the judgment against him for the reasonable value of the premises occupied by him was unauthorized, we have repeatedly held that a court of equity, after lawfully taking jurisdiction over the parties and subject matter of a controversy, will make a full disposition of all the issues involved in the controversy between the parties, including the award of money damages, in order to avoid multiplicity of suits. Bell v. Smith, 159 Fla. 817, 32 So.2d 829, 175 A.L.R. 695; Tellerine v. Public Realty Co., Inc., 158 Fla. 556, 28 So.2d 821; Chicago Trust Co. v. Knabb, 142 Fla. 767, 196 So. 200; Winn & Lovett Grocery Co. v. Saffold Bros. Produce Co., 121 Fla. 833, 164 So. 681.
The parties were before the court, the pleadings placed the question of damages in issue and evidence was taken. The lower court was authorized under the circumstances to award the judgment.
Affirmed.
SEBRING, C.J., and THOMAS, MATHEWS and DREW, JJ., concur.