BARKDULL, Judge.
This is an appeal and a cross-appeal from a final order in an action for specific performance.
The buyers and seller signed a contract for sale of real property that had been improved with a residence and a swimming pool. Prior to the closing, the parties discovered that the pool and pool deck encroached upon the adjacent lot (also owned by the seller) and that certain of the improvements were in violation of city zoning ordinances as to setbacks. The closing occurred subject to the seller’s agreeing to have both lots surveyed and a corrected deed delivered to the buyers. This agreement was confirmed in a letter. The evidence disclosed that essentially the new deed would convey a portion of the adjacent lot eliminating any encroachment or ordinance violations. The seller never delivered the corrected deed. The buyer then brought an action for specific performance of the contract for the sale of the property and the letter agreement. The trial court denied the seller’s motion to dismiss the complaint and ordered the delivery of a deed reflecting the description of the additional property to be conveyed. The order provided that the buyers pay for the additional land on a pro-rata basis.
The buyers have brought an appeal contending that the trial court erred in requiring them to pay for the additional land and the sellers have brought a cross-appeal urging error in the trial court entertaining the proceeding. We affirm.
He who comes into equity, must do equity. In decreeing specific performance a trial court may do equity between the parties when granting such relief. See & compare: Hartford Fire Insurance Co. v. J.W. Brown and Town of Madison, 119 Fla. 610, 160 So. 657 (1935); 48 Fla.Jur.2d, Specific Performance § 138; 81 A C.J.S., Specific Performance § 208b.
No merit is found in the cross-appeal as to the right of the buyers to seek specific performance on the written agreement. Hi-Acres Groves, Inc., v. Bassett, 338 So.2d 1078 (Fla. 4th DCA 1976); Walker v. Connolly, 299 So.2d 67 (Fla. 1st DCA 1974).
Therefore for the reasons above stated the order of specific performance here under review is hereby approved in all respects.