299 So.2d 67 (1974)
Marjorie WALKER, Appellant,
v.
John CONNOLLY, Sr., et al., Appellees.
No. U-134.
District Court of Appeal of Florida, First District.
July 23, 1974.
Rehearing Denied September 9, 1974.
C. Valentine Bates, of Jones, Bates & DeCarlis, Gainesville, for appellant.
Joseph E. Smith, of Beauchamp & Smith, Bronson, for appellees.
JOHNSON, Judge.
Appellant herein seeks reversal of a final judgment in favor of plaintiffs-appellees in their suit for specific performance of a contract for the sale of real property.
The findings of fact made by a court sitting as a trier of both law and facts are entitled to the same weight as the verdict of a jury and should not be disturbed unless clearly unsupported by the evidence. We have heard oral argument in this cause and have carefully examined the record on appeal and the briefs submitted by the parties. Upon our consideration thereof, we conclude that the evidence clearly supports the findings of the trial judge and the judgment for specific performance rendered thereon.
In particular, we agree with and quote with approval the following findings of fact:
"B. That the contract which the Plaintiffs demand be enforced was made in accordance with the requirements of law and is founded on a good and sufficient consideration; that the agreement is consistent with public policy and contains the requisite elements of certainty and mutuality and that it did not come into existence as the result of sharp practices or overreaching on the part of the Plaintiffs; that it is free from fraud, surprise or mistake and its enforcement will not produce inequitable hardship upon the Defendant; that the terms of the agreement are so expressed that the Court can determine with reasonable certainty what is the duty of each *68 party and the conditions under which performance is due.
"C. That the Plaintiffs have tendered to the Defendant the balance of the down-payment due on the contract and have done all things required of them by the terms and conditions thereof and are ready, willing and able to perform."
Appellant having failed to demonstrate error in the above-quoted findings of fact, the judgment for specific performance is accordingly affirmed.
RAWLS, C.J., and SPECTOR, J., concur.