PER CURIAM.
Plaintiff, Robert C. Wilson, appeals from a final judgment after a non-jury trial barring him from maintaining a tort suit against the defendant, Sirkin Building Corporation, and relegating him to his workmen’s compensation remedy. The final judgment under review reads as follows:
******
“THIS action came on to be tried pursuant to the Stipulation of the parties, before the Court, sitting without a jury, on the issue of liability. On the evidence presented the Court makes the following findings of fact and conclusions of law:
“FINDINGS OF FACT
“1. Sometime prior to March 13, 1973, one Julius Silver acting in behalf of 418 Euclid Avenue Corp., entered into an agreement with Alan Sirkin who was acting in behalf of Sirkin Building Corporation. The agreement of these parties, in essence, provided as follows:
a. Each of the parties agreed to jointly engage in a venture to build a condominium type of building at a location described as 418 Euclid Avenue, Miami Beach, Dade County, Florida.
b. Each of the parties agreed to contribute capital toward the financing of said project and in fact each party did contribute the sum of $20,000.00.
c. Each of the parties maintained the right of joint control and the right to bind each other. This control was evidenced by the fact that on various occasions Alan Sirkin signed contracts with subcontractors to do work on the job and at various times Julius Silver signed contracts with other subcontractors to perform work on said building project.
d. The parties agreed in the event there was a financial loss incurred in this venture there was an obligation for each to share in the loss.
e. The parties maintained a bank account separate and apart from any other accounts, which account dealt solely with this project. Each of the parties were required to sign any checks written on said account and in fact each party did sign all checks written on said account.
f. The agreement between 418 Euclid Avenue Corp. and Sirkin Building Corp. was solely for the purpose of building the condominium at 418 Euclid Avenue.
“2. Acting pursuant to the parties agreement, 418 Euclid Avenue Corp. purchased a Workmen’s Compensation insurance policy which policy in fact provided coverage for any and all employees of any joint venture or partnership of which 418 Euclid Avenue Corp. was a party.
“3. The Plaintiff, as a result of the accident sued upon herein, made claim against 418 Euclid Avenue Corp. for Workmen’s Compensation benefits and did receive said benefits under the policy of insurance placed into evidence by the Plaintiff and referred to in paragraph 2 above.
“4. On the day of the accident giving rise to this action the Plaintiff was hired to do certain ‘cleanup work’. He was hired by Mr’s. Silver and Sirkin and was to be paid out of the special account maintained by 418 Euclid Avenue Corp. and Sirkin Building Corp. referred to in subparagraph e above.
CONCLUSIONS OF LAW
“5. At the time of the accident in question herein there existed a joint venture *464 between the Defendant and 418 Euclid Avenue Corp.
“6. The provisions of F.S. 440.11, entitled ‘Exclusiveness of Liability’ bar the Plaintiff from bringing this action.
“7. The Plaintiff has failed to prove the material allegations of his Complaint.
“On the basis of the foregoing Findings of Fact and Conclusions of Law it is:
“ORDERED AND ADJUDGED that the Plaintiff, ROBERT C. WILSON, take nothing by this action and that the Defendant, SIRKIN BUILDING CORPORATION, go hence without day and recover costs from the Plaintiff to hereinafter be taxed upon proper Motion.”
* * S}S sfc * *
We have examined the record in light of the findings of fact made by the trial judge, sitting non-jury, and find ample substantial competent evidence to support these findings. Therefore, the final judgment here under review be and the same is hereby affirmed. Miami Roofing & Sheet Metal Co., Inc. v. Kindt, Fla.1950, 48 So.2d 840; Gidney Auto Sales v. Cutchins, Fla.App. 1957, 97 So.2d 145; Marks v. Insurance Service Bureau, Inc., Fla.App.1972, 262 So.2d 450; Mitchell v. Morse Operations, Inc., Fla.App.1973, 276 So.2d 248; Walker v. Connolly, Fla.App.1974, 299 So.2d 67.
Affirmed.