LETTS, Chief Judge.
This appeal evolves from a non jury trial over a boundary dispute in Township 47 South Range 41 East, concerning the true location of the line supposedly delineating the South line of Section 13, the North line of Section 24 and the South line of certain tracts of the Florida Fruit Lands Company subdivision No. 2.
The trial court reserved ruling on a motion for a directed verdict by the defendants, but at the conclusion of the trial granted same upon the premise that the plaintiffs (the property owners to the North) had failed, by a preponderance of the evidence, to establish the South line of the Florida Fruit Lands tracts first above referred to and that, in consequence, they had failed to establish that the defendants (the property owners to the South) were in possession of the lands claimed by the plaintiffs. Having thus disposed of the matter, the trial judge further held it unnecessary to consider the defendants’ affirmative defenses. We affirm, being of the opinion that the trial judge was right for the wrong reason.
As to the trial judge’s ruling on the failure to establish the South line of the tracts included in the Florida Fruit Lands subdivision, we are of the opinion that it was in error. This particular aspect of the dispute before us is controlled by the Supreme Court case of Hardee v. Horton, 90 Fla. 452, 108 So. 189 (1925) which coincidentally dealt with the very same patent from the United States Government as is before us now. Simply stated, Hardee stands for the proposition that a subsequent detailed survey will prevail over a prior Government Land Office version done by projection rather than actual survey. It is argued that the detailed survey in the instant case was improperly performed and was actually intended to track the Government Land Office version. Even so, we are persuaded by another Supreme Court case Addis v. Hoagland, 150 Fla. 694, 8 So.2d 655 (1942) which said:
“... where the surveyor does not follow the rules in making his survey, ‘ * * * in re-establishing the lines, they are to be run as he ran them when making his survey, and not as he ought to have run them.’ Galt v. Willingham, D.C.Fla., 300 F. 761.”
In the light of the above cited cases we believe the evidence was sufficient to establish that the defendants were, and are, in possession of the disputed triangular parcel claimed by the appellants who were the plaintiffs below.
Notwithstanding the forgoing, we are of the opinion that the record presented, establishes clear unrebutted evidence as to the presence of a boundary line agreement of at least 15 years duration[1] by way of mutual recognition, conduct and acquiescence. See Shaw v. Williams, 50 So.2d 125 (Fla.1951); Watrous v. Morrison, 33 Fla. 261, 14 So. 805 (1894); and King v. Carden, 237 So.2d 26 (Fla. 1st DCA 1970).[2] This being so and such agreement by acquies *952 cence being pled, we are of the opinion that the adjoining landowners agreed permanently as to the extent of their respective lands. See Watrous, Id. 33 Fla. at 267, 14 So. 805 and Shaw, Id. at 127.
At oral argument before this Court, counsel for appellants argued that because the trial court did not address the factual affirmative defenses in its final judgment, we are without power to do so on appeal. Our research indicates to the contrary. As our Supreme Court said in Firestone v. Firestone, 263 So.2d 223, 225 (Fla.1972) “... a trial court’s judgment, even if insufficient in its findings, should be affirmed if the record as a whole discloses any reasonable basis, reason or ground on which the judgment can be supported.” See also Goodman v. Goodman, 204 So.2d 21 (Fla. 4th DCA 1967).
The record presented can lead to but one conclusion and that is that all parties, and their predecessor in title, were under the long-time impression that the existing road, hedge and ditch constituted the boundary line of their respective properties and that they acted accordingly. So be it.
AFFIRMED.
BERANEK, J., concurs.
WESSEL, JOHN D., Associate Judge, dissents with opinion.

. Not to mention the period during which the common grantor owned both parcels.

. Finding the boundary by acquiescence doctrine adequate to support our conclusion we have not taken time to fully explore the appel-lees further argument on adverse possession. However, that argument superficially appears also persuasive. See Kerrigan v. Thomas, 281 So.2d 410 (Fla. 1st DCA 1973).