PER CURIAM.
We find no error in a trial judge ordering specific performance of a contract to purchase a parcel of real estate requiring the sellers to convey as much of the title as they may be possessed, with an appropriate diminution in price. Hi-Acres Groves, Inc. v. Bassett, 338 So.2d 1078 (Fla. 4th DCA 1976); Romano v. Pandapas, 330 So.2d 96 (Fla. 1st DCA 1976); Clark v. English, 319 So.2d 170 (Fla. 1st DCA 1975); Walker v. Connolly, 299 So.2d 67 (Fla. 1st DCA 1974). This is so notwithstanding that at the time of the execution of the contract, the sellers may not have known who would be the ultimate purchaser as the contract was *337 freely assignable. Adams v. Stoffer, 69 So.2d 884 (Fla.1954).
No merit is found in the cross claim by the sellers against their former attorney. First, even if a cause of action may have existed by virtue of a 1971 deed, which we do not here find, any claim would be barred by laches. Firestone v. Firestone, 263 So.2d 223 (Fla.1972); In Re Estate of Yohn, 238 So.2d 290 (Fla.1970); Medlin v. Rucks, 397 So.2d 950 (Fla. 4th DCA 1981). Second, the evidence supports a finding of a bona fide contract between attorney and client for a deed to part of property being given for a fee for clearing the title to the entire parcel.
No merit is also found in the ultimate purchaser’s cross appeal as to the denial of damages for the delay in granting this specific performance. Wimbish v. Douglass, 92 Fla. 224, 109 So. 306 (1926).
Therefore the order of specific performance under review is affirmed.
Affirmed.